UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHAMED ELLAISY,<br><br>      Plaintiff,<br><br>   v.<br><br>CITY OF ATLANTIC CITY, et al.,<br><br>      Defendants. | 1:13-cv-05401-NLH-JS<br><br>**OPINION** |

**APPEARANCES**:

JENNIFER ANN BONJEAN
ASHLEY BLAIR COHEN
BONJEAN LAW GROUP PLLC
467 SAINT JOHNS PLACE
BROOKLYN, NY 11238

   *On behalf of Plaintiff*

MORRISON KENT FAIRBAIRN
MICHAEL A. ARMSTRONG & ASSOCIATES, LLC
79 MAINBRIDGE LANE
WILLINGBORO, NJ 08046

   *On behalf of Defendant City of Atlantic City*

**HILLMAN, District Judge**

    Presently before the Court is Defendant the City of Atlantic City's appeal of a discovery order entered by the Magistrate Judge. For the reasons expressed below, the Court will deny Atlantic City's appeal and affirm the Order.

**BACKGROUND & ANALYSIS**

This action arises from an incident that occurred at the Murmur Nightclub in the Borgata Hotel on September 13, 2011. Plaintiff, Mohamed Ellaisy, a patron at the nightclub, claims he was a victim of excessive force by Atlantic City police officers Wheaten and Hambrecht who were working special employment details at the Borgata. Plaintiff first filed his original complaint against Defendant Atlantic City police officers Wheaten and Hambrecht, Atlantic City, and Borgata on September 10, 2013. The matter was stayed for several years during which time Plaintiff was prosecuted and convicted for indictable offenses, including aggravated assault, based on what he claims was false and fabricated testimony of Wheaten and Hambrecht and other Borgata employees.

On July 16, 2019, the Superior Court of New Jersey, Appellate Division, reversed Plaintiff's criminal convictions, finding that his Due Process rights were violated because exculpatory evidence regarding Defendant Wheaten's complaint history was concealed from the defense. The Appellate Division further held that because Defendant Wheaten gave false testimony at his criminal trial regarding his internal affairs history, Plaintiff's criminal conviction should be vacated and the matter remanded for a new trial. The Atlantic County Prosecutor's office subsequently dismissed all charges against Plaintiff.

Thereafter, Plaintiff sought leave to lift the stay in this action and amended his complaint to add parties and claims.  On January 17, 2020, Plaintiff filed an amended complaint against a number of Atlantic City police officers, the City of Atlantic City, Borgata Hotel and Casino, and several Borgata employees.  (Docket No. 46.)  Plaintiff's amended complaint alleges that Atlantic City's policies and practices were the moving force behind the Constitutional violations he suffered.  Defendants filed their Answers to the amended complaint on February 17 and 18, 2020, and the parties commenced written discovery.

On May 15, 2020, Plaintiff made mandatory Rule 26(a) disclosures identifying those documents that "he has in [his] possession, custody, or control and may use to support [his claims or defenses]."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  In the Rule 26 disclosures, Plaintiff identified numerous documents in the control of his attorney that were produced by Atlantic City to Plaintiff's counsel during eight other federal civil rights lawsuits against Atlantic City and individual Atlantic City police officers.  Like this case, those actions alleged Fourth Amendment violations and claims that the City's policies and practices are the moving force behind the officers' unconstitutional conduct.  The underlying conduct in most of these lawsuits occurred around the time that Plaintiff's

constitutional rights were allegedly violated by the defendant officers at Murmur nightclub in 2011.

On May 18, 2020, Plaintiff filed a proposed order with a letter from his counsel seeking to permit Plaintiff to disclose and produce confidential materials identified in Plaintiff's Rule 26 Initial Disclosures in the possession of Plaintiff's counsel from the other eight cases.  The parties were in agreement that Plaintiff could not produce the City's confidential materials absent a court order because those materials were provided to Plaintiff's counsel pursuant to Discovery Confidentiality Orders.  As permitted by the orders, the City agreed to allow Plaintiff's counsel to use some of the confidential discovery previously produced in some of the other Atlantic City cases as the cases were progressing concurrently and, for the most part, involved the same attorneys and discovery request.  The City contends that the most extensive and sensitive of the materials comprises ten years of the Atlantic City Police Department's Internal Affairs files given exclusively to Plaintiff's counsel and the attorneys representing the City of Atlantic City in the other matters for the purposes of Plaintiff's Monell liability expert's review.

Following letters exchanged by Plaintiff's counsel and counsel for Atlantic City concerning Plaintiff's proposed order, then Magistrate Judge Joel Schneider, U.S.M.J., held a

4

conference on June 2, 2020 to hear argument on Plaintiff's application. Judge Schneider delivered an oral opinion indicating that good cause existed to modify the Discovery Confidentiality Orders in the prior cases to permit the use of the City's confidential materials shared in those cases in the instant case.

On June 10, 2020, the parties entered a Discovery Confidentiality Order by consent. Although Judge Schneider had not yet entered the order modifying the DCOs in the prior cases, Plaintiff produced the confidential materials to all attorneys of record. On July 8, 2020, Judge Schneider entered the Order Modifying the Discovery Confidentiality Orders in three of the six matters with DCOs.

The City of Atlantic City appeals from this Order. The City argues that Judge Schneider erred because in entering the order modifying the Discovery Confidentiality Orders and thus allowing Plaintiff to produce the information produced by Atlantic City to Plaintiff's counsel in other cases, Judge Schneider failed to consider the relevance of any of the information to be produced. The City also asserts several other arguments for how Judge Schneider erred that ultimately culminate in its view that although the IA files were previously only provided to Plaintiff's attorney in the prior matters and the attorneys representing the City because they were being

5

produced for the sole purpose of Plaintiff's expert opinion against the City, Judge Schneider has now expanded disclosure by permitting Plaintiff's attorney to reproduce the files to attorneys for the Defendant Officers and Borgata.

When a magistrate judge decides a non-dispositive motion, the "district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986); see also L. Civ. R. 72 .1(c)(A)(1) ("A Judge shall consider the appeal ... and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

A magistrate judge's ruling is clearly erroneous when "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990); United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if "the magistrate judge has misinterpreted or misapplied applicable law." Id. The mere fact that the reviewing court "might have decided the matter differently" is insufficient to justify the reversal of the magistrate judge's

6

decision.  Mendez v. Avis Budget Grp., Inc., No. 11-6537, 2018 WL 4676039, at *2 (D.N.J. Sept. 28, 2018) (quoting Wortman v. Beglin, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007)).

In opposition to the City's motion, Plaintiff asserts that Judge Schneider made no mistake, and he did not misapply the law.  Plaintiff makes a very straightforward argument about the practical reason Judge Schneider permitted Plaintiff's counsel to produce the Atlantic City documents and modify the confidentiality orders in the other cases so that Plaintiff's counsel could do to so:  The City had no objection to the documents being produced in this case, and the City did not object to the relevance of the documents.  Instead, the City objected to Plaintiff - not the City - producing the documents, and whether Plaintiff could produce the copies she had to Borgata.

Plaintiff argues that this position not only undermines the basis for the City's appeal, but it demonstrates the frivolousness of the City's position.  Plaintiff points out that Judge Schneider recognized there was no reason to "reinvent the wheel" and unnecessarily duplicate past efforts by requiring Plaintiff and the other defendants to go through the motions of demanding such documents from the City when Plaintiff's counsel already had those documents ready to produce, saving time and

7

expense for everyone, including the City, which has professed an inability due to Covid-19 and other issues from timely complying with other discovery requests.

Additionally, Plaintiff argues that the City has not pointed to any authority to support its position that Judge Schneider was obligated to review Plaintiff's Rule 26(a) disclosures to determine whether the documents identified therein were relevant.  Fed. R. Civ. P. 26(a)(1)(A)(ii) requires Plaintiff to identify and produce materials "he has in [his] possession, custody, or control and may use to support [his] claims or defenses]," not whether they are ultimately relevant in the proofs stage of the case.  Plaintiff contends that the City's true purpose in objecting to Judge Schneider's order is its desire to relitigate issues about whether confidential materials should be produced in this case at all, and potentially relitigate discovery issues that were litigated in nearly-identical cases, which is an argument it failed to make before Judge Schneider.

As noted above, this Court will only reverse Judge Schneider's opinion on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A).  This Court finds that Judge Schneider's July 8, 2020 Order (Docket No. 82) modifying Discovery Confidentiality Orders in previous civil

8

lawsuits involving the City of Atlantic City in order to permit Plaintiff to produce the City's confidential materials that are in his attorney's possession in this case is not clearly erroneous or contrary to the law, for three primary reasons.

First, the City does not object to the documents at issue being produced in this case as a general matter - the City only objects to Plaintiff's counsel producing them as part of Plaintiff's initial disclosures and providing them to Borgata. The City, however, fails to explain how, if those documents would eventually be produced by the City to Plaintiff and the other defendants farther along in the discovery process, why it would be contrary to law to expedite the process, saving all the parties time and money, and have Plaintiff produce those exact documents during the initial disclosures.

The City focuses on the relevance of the documents and how Judge Schneider should have made a relevance determination as part of his Order, but that argument is hollow, which is the second reason why this Court will uphold Judge Schneider's decision.  The City agreed with Judge Schneider that relevance was not an issue with Plaintiff's production of these documents because it was part of Plaintiff's initial disclosures, as Plaintiff was required to identify all documents he had in his possession, custody, or control and may use to support his claims, which encompasses the Atlantic City discovery.  The City

9

has failed to explain which of those documents are not relevant and should not be produced. This Court cannot find that Judge Schneider's Order was erroneous because he did not opine on the specific relevance of each document when the City did not then, and does not now, show how any document is not appropriately produced due to its relevance. See, e.g., Jorjani v. New Jersey Institute of Technology, 2021 WL 100207, at *7 (D.N.J. Jan. 12, 2021) ("Discovery is different than merits, and relevance is measured by the scope of Rule 26 . . . ."); Prudential Ins. Co. of America v. Massaro, 2000 WL 1176541, at *24 (D.N.J. 2000) ("Whether information is relevant in the sense of constituting a material fact with respect to liability and whether it is relevant as contemplated by the rules governing discovery are, of course, quite different. As counsel well know, to be relevant for discovery purpose a fact need merely lead to the discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), an exceedingly low threshold.").

Finally, the Court finds the City has not articulated how it has suffered any prejudice by Judge Schneider's Order. The documents, which would have ultimately been produced by the City to Borgata and the other parties, are still protected by Discovery Confidentiality Orders in this case and the other civil actions. The City cannot refute that Plaintiff producing them at the initial stages of the discovery process will save

time and expense for all parties, including the City, and it will expedite a case that was filed in 2013 for events that occurred in 2011. The City's desire to keep its apparent "dirty laundry"[1] hidden from Borgata as long as possible is not prejudice, and it cannot stop the inevitable disclosure the City concedes will occur as party of the discovery process.[2]

---

[1] Juries in three cases arising from similar allegations as the case here have found the City of Atlantic City liable under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) for a practice and custom of failing to supervise its officers in connection with their use of excessive force. See Stadler v. Abram, 13-cv-2741, aff'd Stadler v. Abrams, 78 F. App'x 66 (3d Cir. 2019); Troso v. City of Atlantic City, 1:10-cv-01566-RMB-JS (Docket No. 106, December 19, 2013); Polanco & Polanco v. City of Atlantic City, L-1986-09, L-1805-09, aff'd Polanco v. Dabney, A-3270-17T3 (App. Div. Sept. 27, 2018).

[2] In a similar case advanced against Atlantic City by Plaintiff's counsel here, Judge Schneider found with regard to the discovery of the City's internal affairs files, "Frankly, now having the benefit of a complete record the Court is at a loss to think of a good reason not to order the production of all of Atlantic City's IA files. The files are unquestionably relevant to plaintiff's Monell claim, the scope of the production is not unprecedented, and the production will help avoid and streamline future evidentiary issues and motion practice. Further, the parties' experts agree it is preferable to review all the files. . . . . Full disclosure will permit plaintiff to get to the bottom of the alleged problems with Atlantic City's IA process. If there is a justifiable reason why Atlantic City's police officers, according to plaintiff, act with impunity, and why Atlantic City is subject to so many citizen complaints and § 1983 lawsuits, the public has a right to know. Full disclosure of Atlantic City's IA files will reveal what is really happening. Given the facts before the Court, a snapshot will not do." Costantino v. City of Atlantic City, 152 F. Supp. 3d 311, 334, 335 (D.N.J. 2015).

In sum, this Court is not "left with the definite and firm conviction that a mistake has been committed" by Judge Schneider's July 8, 2020 Order.  To the contrary, the Court finds Judge Schneider's Order to be an appropriate course of action to efficiently expedite discovery in a seven year old case involving claims against Atlantic City that have been shown to be meritorious in other cases.  See Fed. R. Civ. P. 1.

## **CONCLUSION**

For the reasons expressed above, Plaintiff's Appeal will be denied, and the Magistrate Judge's July 8, 2020 Order (Docket No. 82) will be affirmed in all respects.

An appropriate Order will be entered.


Date: February 9, 2021             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.