

467 Saint Johns Place
Brooklyn, New York 11238

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

March 22, 2021

**VIA ECF**
The Honorable Matthew J. Skahill
United States District Court, D.N.J
Mitchell H. Cohen Building
4th and Cooper Streets
Camden, New Jersey 08101

        RE:    *Ellaisy v. Wheaten, et al.*, 13 CV 5401

Dear Judge Skahill:

    I write pursuant to L.R. 37.1, seeking leave to file formal motions to compel discovery from the Defendants City of Atlantic City and the Borgata Defendants who have failed to timely respond to Plaintiff's written discovery requests. On January 30, 2021, Plaintiff previously filed a Rule. 37.1 letter seeking leave to compel but at the time no Magistrate Judge was assigned to this case on account of Magistrate Judge Schneider's retirement. (Ex. A – Plaintiff's Rule 37.1 Letter Dated 1/30/21) Undersigned counsel was informed that the case would be reassigned at the end of February and that barring an emergency matter, we should refile our letter upon reassignment of the case to a new Magistrate Judge. Accordingly, this letter follows.

    Just by way of background, this §1983 lawsuit was first initiated by Plaintiff on September 10, 2013. Plaintiff alleged that Defendants Wheaten and Hambrecht and others violated his his Fourth Amendment right to be free from excessive force during an altercation that occurred at a nightclub in the Borgata Casino and Hotel where Defendants Wheaten and Hambrecht were conducting so-called special employment details – that is – they were working security for Borgata while in uniform. Plaintiff also raised a *Monell* claim, seeking to hold the City of Atlantic City directly responsible for its officers' conduct on account of the departmet's ingrained policies and practices that were the moving force behind the constitutional violations. The lawsuit was stayed for many years during Plaintiff's criminal prosecution for serious charges that arose out of the incident – charges that were eventually resolved in his favor and in a manner indicative of innocence.

1



467 Saint Johns Place
Brooklyn, New York 11238

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

On January 17, 2020, through undersiged counsel, Plaintiff filed a second amended complaint that added new Fourth Amendment claims[1] and Due Process claims arising from the wrongful prosecution and conviction of Plaintiff that accrued when the Atantic County Prosecutor's office dismissed all charges against Plaintiff in late 2019. Because undersigned counsel and her law firm have litigated numerous § 1983 cases against the City of Atlantic City related to conduct of its police officers during the time span of 2007 through 2014,[2] undersigned counsel has in her care and custody extensive written material produced to her firm in connection with litigation in other Atlantic City cases. Those materials are highly relevant to this litigation as they involve the same types of allegations, same officers, same department polices and practices etc. In order to expedite the litigation, minimize costs, and to avoid redundant motion practice, Plaintiff moved Judge Schneider to amend a number of discovery confidentiality orders ("DCO") in other highly similar cases to allow Plaintiff's counsel to produce confidential materials already in her care and custody to the parties in *this* litigation under the DCO entered in this case. Judge Schneider granted the request [Doc. No. 82] And District Court Judge Hillman affirmed Judge Schneider's Order on after the City Appealed. [Doc. No. 104] [Ex. B - *Ellaisy v. City of Atlantic City, et al.*, 2021 U.S. Dist. LEXIS 24403].

Plaintiff has made a large production of discovery to the parties in this litigation, most of which originated with the City which will serve to expedite discovery in this very old case. However, the Defendant City of Atlantic City and the Borgata Defendants have not done their part, having failed to timely respond to Plaintiff's written discovery requests.

Plaintiff propounded Requests for Production to the City on December 11, 2020. The City has failed to timely respond to Plaintiff's requests for production nor provide a date certain on which it will respond despite numerous efforts on the part of Plaintiff's counsel to pin the City down to some deadline. The City's failure to comply by the rules of discovery is impeding this litigation as the City is the party in control of the lion's share

---

[1] Plaintiff's second amended complaint named two additional Atlantic City officers, Defendants Harris and Rogers, who have since moved to dismiss on statute of limitiation grounds. [Doc No. 103] That motion is currently pending before the District Court Judge.

[2] Indeed, undersigned counsel has secured two *Monell* verdicts on behalf of clients against the City of Atlantic City, one for unconstitutional conduct that occurred in 2007 and one for unconstitutional conduct that occurred in 2013. Undersigned counsel has settled a number of other § 1983 cases with the City of Atlantic City.



467 Saint Johns Place
Brooklyn, New York 11238

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

of documents relevant to Plaintiff's claims against the defendant officers. Plaintiff cannot conduct oral discovery without the relevant documents.

Additionally, Plaintiff seeks leave to file a motion to compel against the Borgata Defendants, including Borgata Defendants Atkinson and Applegate. Although Borgata has produced some materials responsive to Plaintiff's written discovery requests, Borgata has not indicated whether their production is complete. Indeed, it would appear that their production is not complete since they have failed to produce defendant Applegates' employee file. Furthermore, Plaintiff has not received responses to written discovery requests propounded on Defendants Atkinson and Applegate on December 22, 2020.

For the foregoing reasons, Plaintiff respectfully seeks leave to file a motion to compel discovery from the City of Atlantic City and the Borgata Defendants.

Respectfully submitted,

/s/ JENNIFER BONJEAN

Bonjean Law Group PLLC
467 St. Johns Place
Brooklyn, NY 11238
718-875-1850
Jennifer@bonjeanlaw.com

Cc:   Morrison Fairbairn, Esq.
      Todd Gelfand, Esq.
      Steven Glickman, Esq.
      Alyson Tomljenovic, Esq.