**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| MOHAMED ELLAISY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-cv-05401 |
| -vs- | ) | |
| | ) | Dist. Ct. Judge Noel L. Hillman |
| STERLING WHEATEN, BRIAN | ) | |
| HAMBRECHT, MATTHEW ROGERS, | ) | Magistrate Judge |
| JUANITA HARRIS, CITY OF ATLANTIC | ) | Matthew J. Skahill |
| CITY, JOHN APPLEGATE, MICHAEL | ) | |
| ATKINSON, MICHAEL ORDONEZ, | ) | Motion Day: April 5, 2021 |
| BORGATA HOTEL AND CASINO; AND | ) | |
| UNKNOWN BORGATA PERSONNEL. | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN OPPOSITION TO DEFENDANT ROGERS AND HARRIS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES.......................................................................................... ii

INTRODUCTION............................................................................................................ 1

RELEVANT FACTS........................................................................................................ 1

ARGUMENT

    I.  The Statue of Limitations Does Not Bar Plaintiff's Excessive Force Claims
      Against Defendants Rogers and Harris Where Plaintiff's Second Amended
      Complaint Relates Back to His *Pro se* and First Amended Complaint Wherein
      Harris and Rogers Were Identified Under Fictitious Names............................... 6

         A.  Same Conduct, Transaction, or Occurrence........................................... 7

         B.  Defendants Harris and Rogers Were Timely Notified of This Lawsuit
            and Will Suffer No Prejudice in Defending the Case on the Merits...... 10

             1. Notice...................................................................................... 10

             2. Prejudice.................................................................................. 14

         C.  Defendants Harris and Rogers Knew or Should Have Known During
            the Rule 4(m) Period that But For a Mistake Concerning the Proper
            Person's Identity, Plaintiff's Complaint Should Have Named Them
            As Defendants.......................................................................................... 14

CONCLUSION................................................................................................................ 16

CERTIFICATE OF SERVICE........................................................................................ 17

# TABLE OF AUTHORITIES

**Cases**

*Colbert v. City of Phila.,* 931 F. Supp. 389 (E.D. Pa. 1996) .............................................7

*Cotton v. Allegheny County,* Civil Action No. 11-969, 2012 U.S. Dist. LEXIS 144058 (W.D. Pa. Oct. 4, 2012) ..................................................................................................................7, 15

*Garvin v. City of Philadelphia,* 354 F. 3d 215 (3d Cir. 2003).......................................12

*Jacobsen v. Osborne,* 133 F. 3d 315 (5th Cir. 1998).....................................................13

*Jamison v. City of New York,* 2010 U.S. Dist. LEXIS 104871 (M.D. Pa. Sep. 30, 2010) ......11, 13

*Katona v. Asure,* 2016 U.S. Dist. Lexis 130182 (M.D. Pa. 2016) ..................................9

*Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538 (2010)..............................................16

*Leary v. Nwosu,* 2007 U.S. Dist. LEXIS 74202 (E.D. Pa. 2007) ....................................8

*Love v. Rancocas Hosp.*, 270 F. Supp. 2d 576 (D.N.J. 2003) .........................................7

*Miles v. Lansdowne Borough,* 2011 U.S. Dist. LEXIS 118272 (E.D. Pa. Oct. 13, 2011) ............16

*Singletary v. Pa. Dep't of Corr.,* 266 F. 3d 186 (3d Cir. 2001) ..............................12, 14

*Snyder v. Pascack Valley Hospital,* 303 F. 3d 271 (3d Cir. 2002)...................................8

*Varlack v. SWS Caribbean, Inc.,* 550 F.2d 171 (3d Cir. 1997) ......................................16

*W. Run Student House. Assoc., LLC v. Huntington Nat'l Bank,* 712 F. 3d 165 (3d. Cir. 2013) .....8

*Yanez v. Columbia Coastal Transport, Inc.,* 68 F. Supp. 2d 489 (D.N.J. 1999) (Debevoise, J.)....7

**Rules**

Fed. R. Civ. P. 4 (m)................................................................................................10, 11

Fed. R. Civ. P. 12(b)(6) ..................................................................................................4

Fed. R. Civ. P. 15(a)(1)(B) .............................................................................................5

Fed. R. Civ. P. 15(c) ............................................................................, 6, 7, 10, 11, 12, 15, 16

## INTRODUCTION

Defendants Harris and Rogers move to dismiss excessive force claims brought against them in Plaintiff's second amended complaint on statute of limitations grounds. As discussed below, dismissal is not appropriate where Plaintiff alleged excessive force against Harris and Rogers in his original complaint and first amended complaint to which his second amended complaint relates back. Plaintiff satisfies all elements of the Rule 15(c) relation-back doctrine where he proves the second amended complaint arose out of the same conduct, transaction and occurrence alleged in Plaintiff's first amended complaint (and his *pro se* complaint); Defendants Harris and Rogers had sufficient notice of the lawsuit filed by Plaintiff so they are not prejudiced in defending the case on the merits; and but for Plaintiff's mistake concerning Defendants Harris and Rogers' identity, they knew or should have known they would be named in Plaintiff's lawsuit. Accordingly, Defendants Rogers and Harris' Motion to Dismiss should be dismissed.

## RELEVANT FACTS

On September 11, 2013, Plaintiff was the victim of a brutal assault at the Borgata Hotel and Casino by the named Defendants. Some, although not all, of the incident was caught on Borgata video surveillance[1]. Plaintiff alleges that Defendants Wheaten and Hambrecht, who were working special employment details[2] at Borgata's MurMur nightclub, physically assaulted him after Plaintiff had a minor scuffle with an unknown patron. The foregoing events escalated into a melee involving Plaintiff, Defendants Wheaten and Hambrecht, numerous Borgata

---

[1] The video surveillance footage of this incident can be viewed using the following link:
https://drive.google.com/drive/folders/1nyx8hEbDuCZNnwTVDYQql8QddPEfyoGi?usp=sharing

[2] In 2011, special employment details allowed Atlantic City Police Officers to "moonlight" in uniform, conducting security for casinos and clubs in Atlantic City.

security personnel and various patrons. Portions of the incident were captured on video surveillance.

Plaintiff was eventually handcuffed and escorted into a service hallway adjacent to the club that was not accessible to the general public. Video surveillance shows Plaintiff in that hallway handcuffed and surrounded by Borgata personnel and Defendants Hambrecht and Wheaten who called for back-up. Within minutes, Defendants Rogers and Harris arrived on scene and are seen in video surveillance in the service hallway. Defendant Atlantic City Police Officer Harris is the only female in the hallway.

The video surveillance depicts Defendant Wheaten punch Plaintiff in the chest who is restrained in handcuffs and surrounded by all defendants. Immediately thereafter, Defendant Harris is seen punching Plaintiff in the face. (Ex. D – Screenshots of Harris punching Plaintiff) Video depicts Defendant Rogers wrap his hands around Plaintiff's neck. (Ex. E – Screenshots of Rogers choking Plaintiff) Wheaten and Hambrecht are seen assisting Defendant Rogers by forcibly grabbing Plaintiff as Rogers continues to choke Plaintiff.  The four Defendants drag Plaintiff down the hallway, take him outside and put him into a police vehicle. (*Id.*)

Defendants Wheaten, Hambrecht and Rogers all prepared police reports and use of force reports in connection with Plaintiff's arrest. (Ex. A – Use of Force Reports and Ex. B – ACPD Full Case Printout) Rogers' use of force report reflected that he used a "compliance hold" on Plaintiff (Ex. A at pg. 3), and he stated in his narrative report "I grabbed onto Ellaisy using a compliance hold on his shoulder and the collar of his shirt to escort him to a patrol vehicle." (Ex. B at pg. 10) Plaintiff was subsequently charged with several felonies.

With the pressure of unresolved serious felony charges pending, Plaintiff, representing himself *pro se*, filed his civil complaint in this court on September 10, 2013, two days prior to

the expiration of the applicable statute of limitations.[3] At the time of the filing of his *pro se* complaint, Plaintiff had not yet been given access to the video surveillance in the case. In his *pro se* complaint, Plaintiff named Defendants City of Atlantic City, Atlantic City Police Officer Wheaten and Hambrecht, Borgata Hotel and Casino and Defendants John Doe 1-5. He also stated, "Defendant Borgata Hotel and Casino is a hotel/casino within the geographic boundaries of Defendant City of Atlantic City which, pursuant to reasonable belief, contracts with defendant City of Atlantic City to *use City's police officers as private security,* in conjunction with Borgata's private security force. [Dkt. 1 at ¶4] Plaintiff further identified Defendants John Doe 1-5 as:

> Defendant Borgata employees present, participating in and assisting the aforementioned individual named defendants in violation of plaintiff's Constitutional rights but currently unknown to plaintiff." [*Id.* at ¶7]

Plaintiff provided the date, location and a concise description of events that took place on September 11, 2013 which formed the basis of his lawsuit. He alleged in sum and substance, that on September 11, 2013, while enjoying a social gathering at the Borgata Hotel and Casino, the individually named defendants and other Borgata employees unknown to plaintiff, seized, arrested and assaulted him without probable cause. He further stated that he was grabbed, punched and restrained without his consent. [*Id. at* ¶¶14, 16] Additionally, Plaintiff alleged that the City of Atlantic City through its Police Department… "failed to train, supervise, or discipline its officers so as to prevent same as it related to their employment as quasi-private security guards within defendant Borgata." [*Id.* at ¶ 39].

---

[3] Plaintiff does not dispute that a section 1983 excessive force claim arising in New Jersey must be brought within a two-year statute of limitations period.

On September 10, 2013, the Atlantic City Police Department was notified of the lawsuit filed on behalf of Plaintiff. (Ex. C - Ellaisy/MAA_00045 - 46) Summons were issued on September 10, 2013 [Dkt. 2], an ACPD internal affairs case was opened on November 4, 2013 (Ex. C) and on November 15, 2013, Attorney Tracy Riley filed her appearance on behalf of Defendants City of Atlantic City, Wheaten and Hambrecht. [Dkt. 3] On November 15, 2013, Defendants City of Atlantic City, Wheaten and Hambrecht filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. [Dkt. 4]

On December 1, 2013, after retaining counsel, Plaintiff filed an Amended Complaint ("First Amended Complaint") against Borgata Hotel and Casino, City of Atlantic City, Brian Hambrecht, John Doe 1-5, Sterling Wheaten and John Doe 6-10. [Dkt. 6]. In his first amended complaint, Plaintiff re-alleged his claims of excessive force at the hands of Defendants Wheaten and Hambrecht but also identified unknown members of the Atlantic City Police Department who were present and actively participated in Plaintiff's assault. In addition to describing the incident at the bottom of the escalator, Plaintiff states:

> Subsequent to the above actions, the Plaintiff was taken into custody by various members of the Atlantic City Police Department and Borgata security during which time *an unknown member of the Atlantic City Police Department* and Defendant Wheaten did punch the plaintiff in the head, *neck*, and chest while the plaintiff was in restraints and being escorted by security forces. In addition, the Plaintiff was subjected to various *choke holds* and other excessive force throughout his encounter with the defendants. [Dkt. 6 at ¶3]

Plaintiff identified Defendants John Doe 1-5 as "members of the Atlantic City Police Department, present, participating in and assisting the aforementioned individual named defendants in the violation of plaintiff's Constitutional rights but are currently unknown to Plaintiff as well as employees of the City of Atlantic City which participated in the practices and

policies as outlined through his Complaint. [Dkt. 6 at ¶12] Plaintiff also identified Defendants

John Doe 6-10 as employees of Defendant Borgata Hotel and Casino. [*Id.* at ¶13]

Plaintiff's first amended complaint described the incident in the hallway. He again

identified Wheaten by name but also specifically stated "an additional unknown female officer

from the Atlantic City Police Department approached the Plaintiff and did, unprovoked, punch

the plaintiff in the throat." [*Id.* at ¶26].  Plaintiff's complaint expressly states Defendants

Wheaten, Hambrecht and John Doe 1-5 violated his constitutional rights under the Fourth,

Eighth and Fourteenth Amendment. [*Id.* at ¶34]

On the same day that Plaintiff filed his first amended complaint, he also filed a response

in opposition to Defendants' Motion to Dismiss [Dkt. 9]. In his brief, Plaintiff argued, *inter alia,*

that consistent with United States Supreme Court precedent, a *pro se* litigant is to be held to a

less stringent standard than pleadings drafted by lawyers and pursuant to Federal Rule of Civil

Procedure 15(a)(1)(B), Plaintiff amended his complaint in a timely fashion rendering defendants'

motion to dismiss largely moot. [*See:* Dkt. 7-3 at 5].

Three days later, the Honorable District Court Judge Jerome Simandle dismissed

Defendants' motion to dismiss finding that Plaintiff timely filed his first amended complaint

pursuant to Fed. R. Civ. P. 15(a)(1)(B). [Dkt. 9] On March 28, 2014, the matter was stayed

pending the conclusion of Plaintiff's criminal proceedings.

After resolution of Plaintiff's criminal proceedings which were ultimately terminated in

his favor and in a manner indicative of innocence, The Bonjean Law Group substituted in as

counsel for Plaintiff on September 25, 2019. Morrison Fairbairn substituted in as counsel for the

City of Atlantic City on October 1, 2019. On November 11,2019, Plaintiff was granted leave to

file a second amended complaint which he filed on January 17, 2020. On February 17, 2020,

Defendants Wheaten, Hambrecht, Rogers and Harris, through their counsel Tracy Riley, answered Plaintiff's second amended complaint. On November 5, 2020, the Defendant Officers obtained new counsel and ultimately filed this Motion to Dismiss Plaintiff's Second Amended Complaint on behalf of Harris and Rogers on February 9, 2021. The parties have exchanged some written discovery, however oral discovery has not yet begun.

## ARGUMENT

**I.    The Statue of Limitations Does Not Bar Plaintiff's Excessive Force Claims Against Defendants Rogers and Harris Where Plaintiff's Second Amended Complaint Relates Back to His Timely Filed First Amended Complaint Wherein Harris and Rogers Were Identified Under Fictitious Names.**

Because Defendants Harris and Rogers were identified under fictitious names in Plaintiff's timely-filed *pro se* and first amended complaint (filed 82 days after Plaintiff's *pro se* complaint), and Rogers and Harris were on constructive notice of Plaintiff's lawsuit, their motion to dismiss must be denied. Defendants contend that because Defendants Rogers and Harris were not identified by name until Plaintiff filed his second amended complaint, Plaintiff's claims against Rogers and Harris are untimely. While it is true that Plaintiff did not identify Defendants Rogers and Harris by name until the filing of his second amended complaint, as set out in detail below, Plaintiff's second amended complaint relates back to his first amended complaint pursuant to Fed. R. Civ. P. 15(c) which superseded his timely filed *pro se* complaint and also identified Defendants Harris and Rogers fictitiously.

Federal Rule of Civil Procedure 15(c) guides this Court's analysis. Rule 15(c) permits amendment to a pleading to relate back to the date of the original pleading. "The relation-back doctrine was enacted to "ameliorate the harsh result of strict application of statutes of limitations by 'preventing parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.'" *Love v. Rancocas Hosp.*, 270

F. Supp. 2d 576, 580(D.N.J. 2003); *Yanez v. Columbia Coastal Transport, Inc.,* 68 F. Supp. 2d 489, 492 (D.N.J. 1999) (Debevoise, J.) quoting *Colbert v. City of Phila.,* 931 F. Supp. 389 (E.D. Pa. 1996)). Rule 15(c) in particular was structured to permit a plaintiff to sidestep an otherwise-applicable statute of limitations by reaching resolution of a claim on the merits rather than a technicality. *Cotton v. Allegheny County,* Civil Action No. 11-969, 2012 U.S. Dist. LEXIS 144058, at 14 (W.D. Pa. Oct. 4, 2012)

Pursuant to Fed. R. Civ. P. 15(c)(1)(C), when a plaintiff seeks to add or substitute a new party to a complaint, plaintiff must show that (1) the amended pleading relates to the same conduct, transaction or occurrence set forth in the original complaint; (2) within the time period provided by Rule 4(m) for serving the summons and complaint, the proposed new defendant had notice of the action that it will not be prejudiced in defending on the merits; and (3) the proposed new defendant knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

### A. Same Conduct, Transaction, or Occurrence

As a starting point, Plaintiff must demonstrate that his second amended complaint relates to the same conduct, transaction or occurrence set forth in the original complaint. Rule 15(c) requires "a common core of operative facts" between the original complaint and the amended complaints for the claims in the amended complaint to arise from the same conduct, transaction, or occurrence as the original complaint. *Leary v. Nwosu,* 2007 U.S. Dist. LEXIS 74202, *16 (E.D. Pa. 2007). When determining whether a common core of operative facts exists, the court is to look at "whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *Id.* at *16-17.

Although Defendants claim that this court may look *only* at the Plaintiff's original *pro se* complaint for the purpose of this analysis, the legally operative complaint to which the second amended complaint relates back is actually Plaintiff's first amended complaint which superseded Plaintiff's *pro se* complaint. *W. Run Student House. Assoc., LLC v. Huntington Nat'l Bank,* 712 F. 3d 165, 171 (3d. Cir. 2013) Indeed, District Court Judge Simandle expressly held *in this case* that Plaintiff's first amended complaint superseded his *pro se* complaint rendering the original complaint legally inoperative and a nullity. [Dkt. 9]  *See also, Snyder v. Pascack Valley Hospital,* 303 F. 3d 271, 276 (3d Cir. 2002) (holding that "an amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit")[4]

Notwithstanding, Plaintiff's second amended complaint relates to the same conduct, transaction and occurrences alleged in *both* Plaintiff's original *pro se* complaint and the superseding first amended complaint. In Plaintiff's timely-filed *pro se* complaint, he alleged that he was assaulted at the Borgata nightclub by Defendants Wheaten, Hambrecht, Borgata employees, and other John Does on September 13, 2011. In his first amended complaint filed on December 1, 2013. Plaintiff elaborated on the nature of the assault and described with specificity how the assault began inside MurMur nightclub and that Plaintiff was dragged outside the entrance into an area that defendants knew were free of video surveillance. Plaintiff further

---

[4] Defendants suggest that for relation-back analysis, the second amended complaint relates back to Plaintiff's *pro se* complaint. As discussed in the body of this argument, Plaintiff's *pro se* complaint was superseded by his first amended complaint, rendering the *pro se* complaint a legal nullity. That said, at least one district court from this circuit has held that a court may consider *both* a *pro se* complaint and the superseding complaint for the purpose of relation back analysis. *See Katona v. Asure,* 2016 U.S. Dist. Lexis 130182, *10 (M.D. Pa. 2016). In *Katona,* plaintiff filed a *pro se* complaint followed by an amended complaint that became the legally operative complaint. The defendants there argued that *only* the amended complaint (the legally operative complaint) could be considered by the court for the purpose of its relation back analysis. The court rejected that argument, finding that superseded pleadings are not irrelevant to the relation back analysis and concluded that it may consider *both* the original *pro se* complaint and the first amended complaint for determining whether the defendants had notice of the facts and the legal theories upon which they rested.

explained that he was handcuffed and immediately moved into an adjacent service hallway by Defendants.

Plaintiff alleged that once in the service hallway, an "unknown female officer from the Atlantic City police department approached the Plaintiff and did unprovoked punch the Plaintiff in the throat. [Dkt. 6 ¶ 26] Plaintiff further alleged that, "Plaintiff taken into custody by various members of the Atlantic City Police Department and Borgata security during which time *an unknown member of the Atlantic City Police Department* and Defendant Wheaten did punch the plaintiff in the head, *neck*, and chest while the plaintiff was in restraints and being escorted by security forces. In addition, the Plaintiff was subjected to various *choke holds* and other excessive force throughout his encounter with the defendants. [*Id.* at ¶3]

Video surveillance reveals that the entire incident lasted less than 15 minutes. At all times, Defendants Wheaten and Hambrecht were acting as special employment officers and were directly involved with Plaintiff with the assistance of Borgata employees and first responding Atlantic City police officers, including Harris and Rogers.

As the foregoing demonstrates, Plaintiff's claims against Defendants Harris and Rogers contained in the second amended complaint share a common core of facts with the first amended complaint (the legally operative complaint prior to Plaintiff's filing of his second amended petition). Plaintiff expressly identified the precise conduct of Harris and Rogers putting them on notice of the general fact situation and the legal theories on which they rest. Put simply, Plaintiff's first amended complaint apprised Harris and Rogers about the melee at Borgata and his allegations of assault and/or excessive force in the hallway while he was handcuffed.

Without authority, Defendants ask this Court to ignore the first amended complaint and focus solely on Plaintiff's *pro se* complaint. As discussed above, the law permits this court to

consider *both* the *pro se* and first amended complaint, but even if it didn't, Plaintiff's *pro se* complaint while lacking in detail surely placed Defendants Harris and Rogers on notice that Plaintiff was seeking to redress his Fourth Amendment right to be free from excessive force by law enforcement when he was assaulted at the Borgata on September 13, 2011. Defendants attempt to artificially separate the activities that immediately preceded Plaintiff's arrest from the activities that occurred in the service hallway, the location where Defendants Harris and Rogers assaulted Plaintiff. Defendants argument is non-sensical where the events of the evening were short in duration, occurred in the same general area inside the Borgata hotel, were continuing in nature and involved all of the same players. Accordingly, Plaintiff easily demonstrates that the second amended complaint relates back to the same occurrence articulated in *both* his *pro se* complaint and his first amended complaint.

### B.    Defendants Harris and Rogers Were Timely Notified of This Lawsuit and Will Suffer No Prejudice in Defending the Case on the Merits.

The second prong that Plaintiff must satisfy is that Defendants Harris and Rogers were notified of the lawsuit within the time period provided by Rule 4(m) for serving the summons and complaint and will suffer no prejudice defending on the merits. *Jamison v. City of New York*, 2010 U.S. Dist. LEXIS 104871, at *8-9 (M.D. Pa. Sep. 30, 2010).

### 1.    Notice

Defendants Harris and Rogers received adequate and timely notice of Plaintiff's lawsuit pursuant to Rule 15(c)(1)(C)(i). Although Plaintiff concedes that Defendants Harris and Rogers were not personally served with either Plaintiff's original *pro se* complaint or his first amended complaint, Defendants Harris and Rogers received constructive notice under both the "shared attorney" and "identity of interest" methods.

10

The Third Circuit has held that notice of the institution of an action can be constructive or implied under Rule 15(c). *Singletary v. Pa. Dep't of Corr.,* 266 F. 3d 186, 195 (3d Cir. 2001). Specifically, the Third Circuit recognizes two methods for imputing notice under Rule 15(c)(1)(C)(i), the "shared attorney" method and the "identity of interest" method. *Garvin v. City of Philadelphia,* 354 F. 3d 215, 222-23 (3d Cir. 2003). In this case, notice was imputed to Defendants Harris and Rogers under both theories.

The "shared attorney" method of imputing Rule 15(c)(3)(A) notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action. This method has been accepted by other Courts of Appeals and by district courts within this Circuit. *Singletary,* 266 F. 3d 186, 196 (3d Cir. 2001).

The relevant inquiry under this method is whether notice of the institution of the action can be imputed to Harris and Rogers by virtue of their representation of by Tracy Riley who also represented Defendants City of Atlantic City, Wheaten, and Hambrecht since the inception of the lawsuit. As the docket reflects, Tracy Riley filed an appearance on behalf of the named Defendants on November 15, 2013, demonstrating that the named defendants received notice of the lawsuit within the time prescribed by Rule 4(m). [Dkt. 3] Ms. Riley was the attorney of record at the time Plaintiff filed his first amended complaint on December 1, 2013. Indeed, Ms. Riley answered that first amended complaint on behalf of the City of Atlantic City, Wheaten, and Hambrecht.

In answering that first amended complaint on behalf of the City and defendants Wheaten and Hambrecht, Ms. Riley surely would have conducted a minimal investigation that would have involved readings police reports, use of force reports, talking to her clients about such matters as

what occurred and who was present, and reviewing the video surveillance of the incident. *See Jamison v. City of York,* 2010 U.S. Dist. LEXIS 104871, *18, n. 4 (M.D. Pa. 2010) *citing Jacobsen v. Osborne,* 133 F. 3d 315, 320 (5th Cir. 1998) (holding that where City Attorney answered the complaint on behalf of the City and named police officer and presumably investigated the allegations to answer the complaint). Even a cursory review of the reports prepared by the defendant officers and maintained by the defendant City in conjunction with a review of the video surveillance would clearly have shown that defendants Harris and Rogers were likely, if not, guaranteed to be named as defendants in this lawsuit, Indeed, video surveillance shows that Defendant Harris punched Plaintiff apropos of nothing while he was handcuffed. (Ex. D) This conduct is so clearly violative of the Fourth Amendment that summary judgment is likely to be granted in favor of Plaintiff. Thus, the "shared attorney" method is applicable here and satisfies the notice requirement of Rule 15(c)(1)(C)(i).

But there is more, Defendants Harris and Rogers received constructive notice via the "identity of interest" method recognized under Rule 15(c)(1)(C)(i). The "identity of interest" method of imputing Rule 15(c)(3) notice to a newly named party is closely related to the shared attorney method. Identity of interest is explained by one commentator as follows: "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary,* 266 F. 3d 186, 197 (*also citing* 6A Charles A. Wright et. al., Federal Practice and Procedure S 1499, at 146 (2d ed. 1990).

In this case, the Defendants Harris and Rogers are closely related to the Defendants named in the original complaint, namely the City of Atlantic City and the individual Atlantic City officers. In fact, Defendants Harris and Rogers are police officers employed by the Atlantic

12

City police department which has a duty to supervise the conduct of its officers. Notably, on the day Plaintiff's original *pro se* complaint was filed, Atlantic City was informed of the lawsuit and an internal affairs investigation based on the claims in the lawsuit was initiated on November 4, 2013. (Ex. C) According to the internal affairs file, the internal affairs investigator obtained the use of force reports and narrative reports for the purpose of preparing a "Complaint Brief" summarizing the case which was forwarded to the Chief of Police and the City Solicitor on November 18, 2013 (*Id.*). A review of reports shows that both Defendants Harris and Rogers responded to the scene and that Harris was the only female on scene (consistent with Plaintiff's amended complaint). (Ex. B at pg. 6) Furthermore Rogers' use of force report certainly put the City on notice that Defendant Rogers had used force in connection with the incident and therefore was likely to be named as a defendant in the lawsuit along with Defendants Wheaten and Hambrecht. (Ex. A at pg. 3)

Furthermore, in preparing to Answer Plaintiff's first amended complaint, Atlantic City would have reviewed the video surveillance which clearly shows Defendant Harris striking Plaintiff with a closed fist in the facial area while he was handcuffed and Rogers choking Plaintiff before dragging him out of the hallway. (Ex. D – Screenshots of Harris punching Plaintiff and Ex. E – Screenshots of Rogers choking Plaintiff) Accordingly, given the close relationship between Defendants Harris and Rogers and their employer the City of Atlantic City and the City's commencement of an internal affairs investigation within approximately two months of the filing of Plaintiff's *pro se* complaint, notice of the lawsuit was imputed to Defendants Harris and Rogers within the applicable time period.

### 2.      Prejudice

Defendants Harris and Rogers suffer no prejudice in defending the case on the merits where the case is still in its infancy with discovery having barely begun. The prejudice inquiry refers to that suffered by one who, for lack of timely notice of a lawsuit, must set about assembling evidence and constructing a defense when the case is already stale. *Cotton v. Allegheny County,* 2012 U.S. Dist. LEXIS 144058, at *18 (W.D. Pa. Oct. 4, 2012).

Defendants make no claim that they are prejudiced by being added as defendants at this juncture nor could they. Although the case is old, *all* the defendants are in the same boat as it relates to developing their defenses, because the case was stayed for four years on account of the wrongful prosecution of Plaintiff. Furthermore, it is the Defendants who are responsible for the delay where after violating Plaintiff's Fourth Amendment right to be free of excessive force, Defendants Wheaten and Hambrecht, along with other co-conspirator defendants, maliciously prosecuted Plaintiff and caused his wrongful conviction. In short, Defendants Harris and Rogers are not prejudiced by the amendment where they are in the same procedural position as all defendants in the case. Moreover, as to Defendants Harris and Rogers, Plaintiff's claims are straightforward and simple. Indeed, the acts that underly the claims were captured on video and are depicted in screenshots attached to this response. (Exs. D and E) For the foregoing reasons, Harris and Rogers suffer no prejudice at this juncture of the litigation.

### C.      Defendants Harris and Rogers Knew or Should Have Known During the Rule 4(m) Period that But For a Mistake Concerning the Proper Person's Identity, Plaintiff's Complaint Should Have Named them As Defendants.

The final element required for Plaintiff to show that the amended complaint relates back to the date of the timely filed original pleading is that within the Rule 4(m) period, the party "knew or should have known that the action would have been brought against it, but for a

mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(c). The amendment of a complaint to substitute the actual name of a defendant for an "Unknown Person" defendant constitutes a "mistake concerning the proper person's identity." *Miles v. Lansdowne Borough,* 2011 U.S. Dist. LEXIS 118272, at *9 (E.D. Pa. Oct. 13, 2011) (*citing Varlack v. SWS Caribbean, Inc.,* 550 F.2d 171 (3d Cir. 1997) Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the Plaintiff knew or should have known at the time of the filing.[5] *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 548 (2010).

Plaintiff has demonstrated that Defendants Harris and Rogers should have (and likely did) know that the allegations lodged against John Does in Plaintiff's first amended complaint referred to them. First, as discussed above, Plaintiff's amended complaint specifically referenced a female officer who punched him in the face. [Dkt. 6 at ¶26] Harris was the only female officer on scene and video surveillance clearly depicts her punching Plaintiff in the face. (Exs. B at pg. 6 and D) As to Rogers, Plaintiff alleges that an "unknown member of the Atlantic City police department punched him in the head, neck, and chest while restrained and being escorted out of the hallway and was subjected to various chokeholds. [Dkt. 6 at ¶3] Defendant Rogers prepared a narrative report on the night of the incident admitting that "I grabbed onto Ellaisy using a compliance hold on his shoulder and the collar of his shirt to escort him to a patrol vehicle." (Ex. B at pg. 10) and he also completed a use of force report acknowledging that he used a

---

[5] Defendants inappropriately conflate New Jersey state law into its relation back argument, arguing extensively about Plaintiff's "diligence" in bringing his claims. Defendants overlook that this case was brought in federal court and raises only federal claims that sound in the United States Constitution, not New Jersey state law. Defendants' diligence arguments, while perhaps appropriate in state court finds no support in the federal rules of civil procedure and run afoul of the United States Supreme Court decision in *Krupski, supra,* which makes clear that what Plaintiff *knew* or should have known at the time of filing is irrelevant. The question if what did the defendant know during the Rule 4(m) period.

compliance hold with Plaintiff. (Ex. A at pg. 3) Clearly, Rogers *knew* or should have known that he was a John Doe to whom Plaintiff referred in his first amended complaint.

For the reasons identified, *supra,* Defendants Harris and Rogers had constructive knowledge of Plaintiff's lawsuit within the Rule 4(m) period and knew that the unknown individuals identified in Plaintiff's complaint referred to them. Accordingly, Plaintiff satisfies the final element of Rule15(c)(1)(C) analysis.

## CONCLUSION

Based upon the foregoing reasons, the defendants' motion to dismiss should be denied.

Dated:          Brooklyn, New York
                March 22, 2021

                                    Respectfully Submitted,

                                    /s/ASHLEY COHEN
                                    /s/JENNIFER BONJEAN
                                    *Attorneys for Plaintiff*
                                    Bonjean Law Group, PLLC
                                    467 St. Johns Pl.
                                    Brooklyn, New York  11238
                                    P: 718-875-1850
                                    F: 718-230-0582
                                    Email: Ashley@bonjeanlaw.com

16

## <u>CERTIFICATE OF SERVICE</u>

I, Ashley Cohen, an attorney of Bonjean Law Group, hereby certify that a copy of the attached Brief in Opposition to Defendant Rogers and Harris' Motion to Dismiss Plaintiff's Second Amended Complaint has been served upon all counsel of record via ELECTRONIC Mail on March 22, 2021.

<u>/s/ ASHLEY COHEN</u>