# MICHAEL A. ARMSTRONG & ASSOCIATES, LLC

Counselors at Law
79 MAINBRIDGE LANE
WILLINGBORO, NEW JERSEY 08046



TELEPHONE: (609) 877-5511
FACSIMILE: (609) 877-7755

✦ MEMBER NJ, NY & GA BARS

MICHAEL A. ARMSTRONG ✚
Email: maa@armstronglawfirm.com

CRISTAL M. HOLMES-BOWIE
Email: chb@armstronglawfirm.com

MORRISON KENT FAIRBAIRN ✚
Email: mkf@armstronglawfirm.com

+ MEMBER NJ & PA BARS

April 30, 2021

**VIA ELECTRONIC FILING ONLY**

Honorable Zahid N. Quraishi, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen and U.S. Courthouse
4th and Cooper Streets, Courtroom 3C
Camden, New Jersey 08101

      **RE:**   Mohamed Ellaisy v. City of Atlantic City, et al.
              Civil Action No.: 1:13-cv-05401-NLH-JS

Dear Judge Quraishi:

Please accept this letter brief in lieu of a more formal brief in support of Defendant City of Atlantic City's Motion for Sanctions. Counsel for Plaintiff, Jennifer Bonjean, Esquire, violated several orders entered by this Court by producing documents protected by Discovery Confidentiality Orders ("DCOs") prior to the Court entering any order modify those orders to permit their disclosures. While the Court ultimately entered an order allowing for some of the discovery to be disclosed, several confidential documents were produced from cases in which the DCOs have not been modified by the Court. Consequently, since Plaintiff's counsel's violation of the DCOs were intentional and since no steps have been taken by Plaintiff to address or correct the violations sanctions are warranted in the instant matter.

Fed.R.Civ.P. 37(b)(2) provides that sanctions may be imposed for the violation of a discovery order. The Court has maintains discretion in determining the kind of the sanctions to be imposed which may include the prohibition of entering certain discovery into evidence

holding the disobedient party in contempt of court. Fed.R.Civ.P. 37(b)(2)(A).  Alternatively or in addition to those sanctions, the Court may order the payment of reasonable expenses or attorney's fees caused by the failure to obey the Court's order by the disobedient party or the attorney advising the party. Fed.R.Civ.P. 37(b)(2)(C).

The imposition of sanctions pursuant to Fed.R.Civ.P. 37 of course applies to violations of discovery confidentiality orders.  See Damiano v. Sony Music Entertainment, Inc. and Bob Dylan, 2000 WL 1689081(D.N.J. Nov. 13, 2000).  The determination of whether a sanction is appropriate typically requires consideration of the culpability of the party or its attorney, any prejudice to the moving party, and whether lesser sanctions could be effective. Est. of Spear v. Comm'r, 41 F.3d 103, 111 (3d Cir. 1994).  To find a party liable for civil contempt, the court must determine by clear and convincing evidence: ". . .(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." Engage Healthcare Commc'ns, LLC. v. Intellisphere, LLC., 2019 WL 7640295, at *7–9 (D.N.J. Jan. 23, 2019) *citing* Marshak v. Treadwell, 595 F.3d 478, 485 (3d Cir. 2009).  "An alleged contemnor's behavior need not be willful in order to contravene the applicable decree. Id. Additionally, attorney's fees may be assessed against counsel for "willful disobedience of a court order." Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991).

In the instant matter, as outlined in the accompanying Certification of Counsel, it cannot be disputed that orders of this Court have been violated by Plaintiff.  Plaintiff produced thousands of pages of documents protected by DCOs without having receiving any order from the Court modifying those DCOs.  Plaintiff produced confidential documents from the matters of *Costantino v. City of Atlantic City*, et al., 2013 CV 6667; *Castellani v. City of Atlantic City*, et al., 2013 CV 5848; *Adams v. City of Atlantic City, et al.*, 2013 CV 7133; *Stadler v. City of Atlantic*

*City, et al.*, 2013 CV 2741; *Moore v. City of Atlantic City*, et al., 2014 CV 5092; and *Harrison v. City of Atlantic City*, et al., 2014 CV 6296, and *Jones v. City of Atlantic City* et. al., 2017 CV 13843. After Plaintiff's production the Court only ordered the modification of the DCOs in *Constantino*, *Castellani* and *Moore*.

The violation was clearly willful. Plaintiff's counsel's own letters demonstrate that Plaintiff was aware that the Court needed to enter an actual order modifying the DCOS to allow for the production of the confidential discovery. The Court indicated in its findings on June 2, 2020 that it would enter a written order modifying the DCOs to permit disclosure of confidential documents. The minute entry for the proceedings indicated that an Order was forthcoming. Moreover, when Plaintiff produced the discovery, counsel for the City advised Plaintiff that production of any confidential discovery prior to an order modifying the DCOs for each case would be in violation of those orders.

Plaintiff's counsel simply ignored the City's counsel and waited until the matter was brought to the Court's attention. In response, Plaintiff's counsel represented to the Court that she was relying on the transcript of the June 2, 2020, to justify the production of the discovery. However, the fact that Plaintiff's counsel needed a copy of the transcript from the undersigned two months later in order to respond to the appeal suggests that Plaintiff's counsel could not possibly have been relying on the transcript. The transcript, in any event, clearly supports that the Court advised Plaintiff that it would enter its own order. Furthermore, the <u>Jones</u> matter was not even included among the cases sought by Plaintiff. Therefore, production from that case is inexcusable even without consideration of whether Plaintiff really relied on the transcript. To make matters more egregious, the Court ultimately never permitted the disclosure of confidential

3

documents from Adams, Stadler and Harrison and Plaintiff has simply ignored the issue as if the DCOs are of no significance.

Clearly the City has been prejudiced by the disclosure of thousands of documents produced under protective orders in other cases. These sensitive documents have been deemed confidential for a reason and Plaintiff's counsel did not dispute there confidentiality at the time of receipt. There can be no confidence in their protection or the protection of additional documents produced in this litigation under the current DCO or any future DCOs if no sanctions are imposed by the Court.

Accordingly, it is respectfully requested that sanctions be imposed against Plaintiff or Plaintiff's counsel in the form of prohibiting the use of discovery improperly disclosed, imposing cost and fees related to the violation, or any other sanction as the Court deems appropriate.

    Respectfully submitted,

    *s/ **Morrison Kent Fairbairn***

    Morrison Kent Fairbairn, Esquire

Cc:   All counsel of record (via ECF Filing)