

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

May 23, 2021

**VIA ECF**
The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

RE:    *Ellaisy v. City of Atlantic City, et al.,* 13-CV-5401

Dear Judge Quraishi,

Please accept this letter brief in opposition to the City of Atlantic City's motion for sanctions against Plaintiff, falsely claiming that undersigned counsel produced confidential documents in violation of a valid court order. The City's argument is frivolous, designed entirely to delay these proceedings, harass the Plaintiff, and needlessly drive up the cost of litigation. Rather than meet its own discovery obligations, the City has spent dozens of hours, fighting a losing issue that has not only wasted Plaintiff's time but this Court and the District Court's time bringing meritless appeals. *Ellaisy v. City of Atl. City,* 2021 U.S. Dist. LEXIS 24403 (D.N.J. Feb. 9, 2021) Indeed, counsel for the City, Mr. Fairbairn, has brazenly misled this Court in a number of ways that run afoul of his duty to show candor to the tribunal. Arguably, this Court should strike the City's papers where it failed to: (1) identify or attach the specific order(s) undersigned counsel is alleged to have violated; and (2) identify the confidential documents that were allegedly produced in violation of an unspecified DCO. Neither undersigned counsel nor this Court should have to do the City's work for it, and this Court cannot sanction Plaintiff on the City's word. As set out, *infra,* this Court should order Mr. Fairbairn to show cause why he has not violated Fed. R. Civ. P. 11(b).

Undersigned counsel has sued the City of Atlantic City in the United States District Court for the District of New Jersey in the following cases:

*Adams v. City of Atlantic City, et. al.,* 2013-cv-07133
*Castellani v. City of Atlantic City, et. al.,* 2013-cv-05848
*Costantino v. City of Atlantic City, et. al.,* 2013-cv-06667
*Harrison v. City of Atlantic City, et. al.,* 2014-cv-06292
*Jones, et. al. v. Abrams et. al.,* 2017-cv-13843
*Moore v. City of Atlantic City, et. al.,* 2014-cv-05092
*Stadler v. Abrams, et. al.,* 2013-cv-02741

1



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

**BONJEAN**
LAW GROUP, PLLC

      Because the foregoing cases had significant factual and legal overlap, the City of Atlantic City (through its counsel Todd Gelfand who represents the defendant officers in this case) proposed a Consent Order that declared that discovery documents produced and exchanged in *Costantino, Castellani, Adams,* and *Harrison* "shall be considered as if the discovery has been taken and/or exchanged in and for purposes of each of the four above-captioned cases, as if it had been produced, taken or exchanged individually in each case . . ." [Ex. A – Consent Orders Dated 1/17/17]. The Consent Orders were signed by all parties (including undersigned counsel) and entered by the Honorable Magistrate Judges Ann Marie Donio and Joel Schneider. *Id.* Furthermore, the City of Atlantic City, through different counsel, Mr. Fairbairn, entered into a stipulation with Plaintiffs via undersigned counsel in the *Stadler* and *Moore* cases, agreeing that discovery produced in *Castellani, Costantino,* and *Adams* was deemed produced in the *Stadler* and *Moore* cases. [Ex. B – Stipulations Entered in *Stadler* on 9/22/2016 and *Moore* on 9/20/2016] In short, every document produced by the City in cases handled by undersigned counsel were deemed produced in corollary cases, a procedure that benefitted *the City* since it was not obligated to reproduce the same documents multiple times. This is an important fact, notably omitted by Mr. Fairbairn, because discovery produced by the City was covered by multiple DCOs, including the DCOs that Judge Schneider amended to allow Plaintiff's production of the materials.

      After filing her appearance in the above-captioned matter on 9/25/2019, undersigned counsel advised Mr. Fairbairn that she wished to produce discovery materials from the prior Atlantic City cases in *this* case as had been done in all prior Atlantic City cases in which she had participated so as to streamline discovery and avoid duplicative motion practice. Undersigned counsel, of course, agreed that the material would remain under a DCO entered in this case. Contrary to Mr. Fairbairn's suggestion that undersigned counsel acted intentionally to disregard the DCOs entered in the Atlantic City cases, undersigned counsel went out of her way to flag this issue in the initial Joint Discovery Plan filed on April 1, 2020. [Dkt. No. 65] During an initial status conference on May 6, 2020, Judge Schneider asked the parties to meet and confer on the matter, but the parties reached an impasse after the City took the unreasonable position that it would not agree to amending any DCOs to allow Plaintiff to produce the relevant documents to Borgata.[1]

---

[1] To put this issue in perspective, Plaintiff never sought to produce confidential documents to third-parties but merely sought to produce the material to the Borgata Defendants, the only parties to this litigation who did not already have the documents. The documents originated with the City and were in the possession of counsel for the individual defendant officers. Thus, even if Plaintiff had failed to raise the issue with the court, Plaintiff could not have violated the protective order by producing documents *back* to the City, the originating source, or to parties who already had them. In the end, the City simply objected to undersigned counsel producing the materials to Borgata. And ultimately filed a losing appeal on this frivolous issue.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

**BONJEAN**
LAW GROUP, PLLC

On May 15, 2020, Plaintiff produced to opposing counsel comprehensive initial Rule 26(a) disclosures identifying those documents in counsel's possession by bate-stamp that Plaintiff intended to use to support his claims. On May 18, 2020, Plaintiff then filed a letter with the Magistrate Judge, asking him to modify the DCOs in other Atlantic City cases so as to allow undersigned counsel to produce the material identified in Plaintiff's Rule 26(a) disclosure which were attached for the court's review. (Dkt. No. 70) The City filed a written opposition. And Judge Schneider held a hearing on the dispute on June 2, 2020. (Ex. C – Transcripts from June 2, 2020 Hearing.)

After oral arguments on the matter, Judge Schneider issued a fulsome oral ruling from the bench, citing authority and explaining his reasoning and rationale for granting Plaintiff's motion to amend the old DCOs so as to allow undersigned counsel to produce discovery in those cases. Judge Schneider ruled:

At the end of the day, the Court sees absolutely zero prejudice to Atlantic City. We're talking about documents that have been produced in other similar but not identical cases. Atlantic City is familiar with the documents, and perhaps most importantly the documents are going to be produced in this case under a DCO. The documents are going to be used for a limited purpose and disclosed to limited people.

So in sum, the Court's going to enter an order directing Atlantic City's counsel to send Appendix S [the Proposed DCO for this case] to the Court within one week. I'll sign it and enter it. And the Court's going to enter an order primarily relying on *Levine* case because the Court finds good case to amend the old DOCS and permit plaintiff to disclose the previously designated confidential documents in this case. [Ex. C at pgs. 18-19]

At the close of the hearing, Mr. Fairbairn informed Judge Schneider that he had circulated a proposed DCO to all counsel and would forward it to the court. He did not indicate that he had any intention of appealing the Court's order. On June 10, 2020, Judge Schneider entered the DCO in this case. (Dkt. No. 77) And on June 15, 2020, pursuant to the Court's June 2, 2020 order and pursuant to the DCO in this case, undersigned counsel made a large production of documents to the parties previously obtained from the City in other Atlantic City cases, a small percentage of which was marked confidential.

On June 18, 2020, Mr. Fairbairn sent undersigned counsel an email claiming that undersigned counsel had violated some order (he did not specify which one) apparently under the theory that Judge Schneider's June 2, 2020 written order did not become

3



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

effective until it was entered on the docket. Mr. Fairbairn now claims in his motion papers that Plaintiff should be sanctioned for "produc[ing] thousands of pages documents protected by DCOs without receiving any order from the Court modifying those DCOs." (City Lt. Br. at 2) This statement is nothing short of a lie.

First of all, Mr. Fairbairn did not identify a single, let alone thousands, of "Confidential" documents that he claims were produced in violation of a DCO. The best he offers is generalized and conclusory assertions. Asking that a party be sanctioned is serious business, Mr. Fairbairn's failure to specifically identify a single violation is fatal to his claim and justifies Rule 11 sanctions.

Secondly, and most importantly, Plaintiff's production of discovery documents was made pursuant to a valid order entered by Judge Schneider on June 2, 2020.[2] Judge Schneider's comprehensive oral order issued from the bench on June 2, 2020 was a valid order on which Plaintiff had every right to rely. *United States v. Scarfo,* 263 F. 3d 80, 88 (3d Cir. 2001) (acknowledging that an oral order possessed full judicial force and effect and further holding that the order's oral status did not alter its appealability even if the judge indicated he would issue a written order and failed to do so). Notably, the City did not move to stay that order or file a prompt objection with the District Court. Thus, Plaintiff's production of materials was made on June 15, 2020 in accordance with Judge Schneider's ruling and pursuant to the DCO filed in this case. The City provides no authority whatsoever to suggest that Plaintiff was not authorized to rely on that order.

It is true that Judge Schneider later acknowledged that he inadvertently failed to formally enter a written order, he made it perfectly clear in his brief text order that his "Opinion and Rulings" were contained in his oral order on June 2, 2020 ("**the transcript of the June 2, 2020 oral argument set forth the Court's Oral Opinion and rulings** . . .") (Dkt. No. 81) Judge Schneider formalized his order on July 8, 2020, amending DCOs in a number of specified cases, including *Troso, Worrall, Kelly, Groark, Constantino, Moore, and Castellani.* (Dkt. No. 82)

---

[2] Mr. Fairbairn asserts that undersigned counsel was not and could not have been relying on Judge Schneider's June 2, 2020 order when she made the production of materials, because she did not even have the transcripts from the June 2, 2020 proceeding and insisted that the City order it (in connection with his appeal). This argument is ridiculous. Undersigned counsel hardly needed the transcripts to know what happened on June 2, 2020. She participated in the hearing and heard Judge Schneider make his ruling with her own two ears. And even if Judge Schneider indicated that a written order would follow his oral ruling, that statement did not change the force and effect of his June 2, 2020 order. Mr. Fairbairn provides no authority to the contrary.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

For the first time in these papers, Mr. Fairbairn accuses undersigned counsel of violating Judge Schneider's July 8, 2020 Order, because Plaintiff produced materials that were produced in the *Adams, Stadler, and Harrison* litigations and Judge Schneider did not amend the DCOs in those cases. Preliminarily, as Judge Schneider would acknowledge, and as the transcripts bear out, his Opinion and Findings entered on July 2, 2020 did not specifically identify the DCOs he was amending and referred generally to the "old DCOs." Plaintiff complied with that Order.

But even if Judge Schneider's June 2, 2020 oral order was limited by his July 8, 2020 written order, as Mr. Fairbairn suggests, Plaintiff's production was still in compliance with the written order since the production of documents was covered by one or more of the DCOs amended by Judge Schneider's written order. As the Consent Order and Stipulations attached as Exhibits A and B reflect, because discovery was proceeding simultaneously in a number of Atlantic City cases, the parties agreed that discovery produced in one case was deemed produced in the other Atlantic City cases, notwithstanding the manner in which they were originally bate-stamped. For example, if certain documents were produced in *Harrison* or *Adams* they were also considered produced in *Castellani* and *Costantino* whose DCOs were amended by Judge Schneider. Mr. Fairbairn is perfectly aware of how discovery was produced in these Atlantic City cases since he is a signatory to two stipulations acknowledging that material produced in *Costantino, Castellani,* and *Adams* are deemed produced in *Moore* and *Stadler.* To add to the complexity, many documents were re-produced in multiple cases. In short, the parties previously agreed that discovery produced on Atlantic City case was deemed produced in the others. Even if some documents produced by Plaintiff reflect bate-stamps related to cases not identified in Judge Schneider's written order, it does not mean that those same documents were not also produced in *Costantino, Moore, and/or Castellani* matters which *were* subject to Judge Schneider's order. Again, Mr. Fairbairn hasn't identified a single document that was produced by Plaintiff that was marked "Confidential" and was not also produced in discovery in connection with the DCOs amended by Judge Schneider.[3]

Plaintiff did not violate any court order, but even if a rogue document slipped into the production that was not subject to the amended DCOs, it is difficult to conceive how

---

[3] Mr. Fairbairn expresses outrage over Plaintiff's production of materials from the *Jones* case, but fails to acknowledge that with the exception of one single document that is a matter of public record, Plaintiff only produced documents from *Jones* that were not marked "confidential." Again, it is no surprise that Mr. Fairbairn insists on making conclusory allegations without specifically identifying the violations for which he claims Plaintiff should be sanctioned.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

counsel's actions could be considered "intentional." But Plaintiff is in no position to respond to such an argument since Mr. Fairbairn failed to identify even a single document that he claims was produced contrary to any specific DOC.

It is rich that the City has routinely failed to make timely disclosures to Plaintiff's discovery requests, but somehow justified the filing of this frivolous motion for sanctions For the foregoing reasons, the City's papers should be struck where they simply fail to identify what order(s) Plaintiff violated and how the order was specifically violated. Plaintiff was extremely conscientious about ensuring that materials in undersigned counsel's care and custody were produced appropriately and in accordance with existing DCOs. It's frankly absurd that undersigned counsel would purposefully violate a DCO with an intent to produce documents to Borgata after going through the trouble of pro-actively litigating the issue.

Date: May 23, 2021

Respectfully Submitted,
/s/ JENNIFER BONJEAN

Bonjean Law Group, PLLC
750 Lexington Avenue, 9th Floor
New York, New York 10022
718-875-1850
jennifer@bonjeanlaw.com