

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

**BONJEAN**
LAW GROUP, PLLC

May 24, 2021

<u>**VIA ECF**</u>
The Honorable Judge Zahid N. Quraishi
United States District Court, D.N.J
Mitchell H. Cohen Building
4th and Cooper Streets
Camden, New Jersey 08101

RE:     *Ellaisy v. Wheaten, et al.,* 13 CV 5401

Dear Judge Quraishi:

Please accept this letter brief in lieu of a formal brief in support of Plaintiff's motion for sanctions against the City of Atlantic City for failure to comply with Rule 34 of the Federal Rules of Civil procedure and more specifically this Court's order entered on April 15, 2021, requiring the City to formally repond to Plaintiff's discovery requests no later than May 21, 2021 (a date hand-picked by counsel for the City).

By way of background, Plaintiff issued requests for production to the Defendant City of Atlantic City on December 11, 2020. The City ignored the requests and failed to inform Plaintiff when it expected to respond. The City did not ask this Court to set an alternative briefing schedule to answer Plaintiff's requests. Instead, the City dumped significant resources into objecting to Plaintiff producing materials already in his counsel's possession.  – a fight it ultimately lost. *Ellaisy v. City of Atl. City,* 2021 U.S. Dist. LEXIS 24403 (D.N.J. Feb. 9, 2021)

On January 30, 2021 and again on March 22, 2021, Plaintiff filed letters pursuant to Local Rule 37.1 seeking leave to file a motion to compel the City to respond to Plaintiff's written discovery requests. [Dkt. Nos. 100& 107] On April 15, 2021, this Court held a status conference during which it asked counsel for the City to indicate when the City would be in a position to respond to Plaintiff's discovery requests (then over three-months untimely). Counsel assured the court that it would answer Plaintiff's discovery demands by May 21, 2021, and this Court entered an order consistent with that representation. (Dkt. No. 113 – "Defendants to serve complete responses to Plaintiff's written discovery requests no later than 5/21/21") This Court also observed that Plaintiff would be in within his right to seek sanctions if the City failed to comply with this Court's order.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

**BONJEAN**
LAW GROUP, PLLC

The City has not responded, or even attempted to respond, to Plaintiff's written discovery requests in direct violation of this Court's order. The City did not write a letter to this Court seeking additional time to respond nor did counsel for the City even send Plaintiff's counsel a communication explaining the delay. In short, the City has again brazenly disregarded a Court order as if this Court's orders are mere suggestions.

Accordingly, Plaintiff now seeks an order sanctioning the City pursuant to Fed. R. Civ. P. 37. The purpose of Rule 37 sanctions is to: (1) to ensure that a party will not benefit from its own failure to comply, (2) serve as a specific deterrent . . ., and obtain compliance with a particular Order issued, and (3) serve as a general deterrent effect on the case at hand and on other litigation, provided that party against whom they are imposed was in some sense at fault." *Stream Cos. v. Windward Adver.,* 2013 U.S. Dist. LEXIS 100319, *24 (E.D.Pa. July 17, 2013). A court has broad authority to issues sanctions for failure to comply with Discovery Orders.

Every purpose identified above is satisfied by sanctioning the City in this case. Specifically, pursuant to Fed. R. Civ. P. 37(a)(3)(iv), Plaintiff seeks an order compelling the City to immediately answer Plaintiff's Rule 34 requests to produce and an order declaring that Defendant has waived any and all objections to Plaintiff's requests to produce. Plaintiff further seeks an order from this Court requiring the City to pay Plaintiff's reasonable expenses and attorney fees for being forced to bring multiple Rule 37.1 letters and this motion.[1]

Lastly, Plaintiff seeks sanctions against the City for disobeying a discovery order, pursuant to Fed. R. Civ. P. 37(b)(2)(A). This Court specifically ordered the City to respond to Plaintiff's discovery requests no later than May 21, 2021 – after the City had repeatedly failed to comply with discovery deadlines. The City disobeyed that order. As stated above, consistent with the rule, this Court should order that the City has waived all

---

[1] Ms. Bonjean's hourly rate is $600 per hour. Her last court-adjudicated rate ws $495 per hour in in 2018. *See Stadler v. Abrams, et al.,* 2018 U.S. Dist. LEXIS 126499 (D.N.J. July 27, 2018) However, Ms. Bonjean commands an hourly rate of $600 per hour in the market place. *Grass v. Snellbaker,* 2008 U.S. Dist. LEXIS 73012, *11 (D.N.J. Sept. 23, 2008) (observing that the attorney's customary billing rate for fee-paying clients is oridinarily the best evidence of his billing rate). Ms. Bonjean's customary billing rate for fee-paying clients is $600 hour.  Should the Court wish to review *in camera* recent retainer agreements between Ms. Bonjean and fee-paying clients, counsel can provide that information to the Court.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

objections to Plaintiff's requests for documents (Fed. R. Civ. P. 37(b)(2)(A)(ii) and should also hold the City in contempt of court. (Fed. R. Civ. P. 37(b)(2)(A)(vii). As argued, *supra,* this Court should also order the City to pay Plaintiff's reasonable expenses and attorney fees.

The City has not only wasted undersigned counsel's valuable time and resources but has caused unjustified delay in these proceedings. As undersigned counsel's declaration shows, the parties were forced to delay all oral discovery of the defendant officers because the City simply refused to produce necessary documents relevant to those depositions. Accordingly, the City should be seriously sanctioned in the manners described above and consistent with this Court's broad discretion to sanction for violations of its discovery orders.

Respectfully submitted,

/s/ JENNIFER BONJEAN

Bonjean Law Group PLLC
750 Lexington Ave., 9th Floor
New York, NY  10022
718-875-1850
Jennifer@bonjeanlaw.com

Cc:   Morrison Fairbairn, Esq.
      Todd Gelfand, Esq.
      Steven Glickman, Esq.
      Russell Lichtenstein, Esq.