

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

June 5, 2021

**VIA ECF**
The Honorable Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101

RE:    *Ellaisy v. City of Atlantic City, et al.,* 13-CV-5401

Dear Judge Quraishi:

Please accept this sur-reply letter in response to Mr. Fairbairn's reply letter [Dkt. No. 118] which was not entirely a reply letter but instead raises new arguments to which Plaintiff must be permitted to respond. Furthermore, in light of Mr. Fairbairn's serious, and patently false, allegations of misconduct against undersigned counsel, Plaintiff has no choice to offer this sur-reply.

Without any authority, the City insists that Judge Schneider's June 2, 2020 oral order was of no legal consequence and that only his written order entered on July 8, 2020 is the operative decision in this case. The Third Circuit has held otherwise in *United States v. Scarfo,* 263 F. 3d 80, 88 (3d Cir. 2001) (acknowledging that an oral order possessed full judicial force and effect and further holding that the order's oral status did not alter its appealability even if the judge indicated he would issue a written order and failed to do so). But more importantly, Judge Schneider made it very clear in his text order that his June 2, 2020 oral decision constituted his "Oral Opinion and rulings." [Dkt. No. 81]

The City attempts to take advantage of this Court's lack of personal historical knowledge of these Atlantic City cases to suggest *without any support* that Plaintiff violated some DCOs in unnamed cases because she electronically produced thousands of pages of documents as "CONFIDENTIAL MATERIALS" on June 15, 2020 – almost two weeks after Judge Schneider ruled on the issue. Mr. Fairbairn falsely suggests that undersigned counsel admits to wrongly producing confidential materials because her electronic production had a folder labeled "CONFIDENTIAL MATERIALS." This argument is nothing short of ridiculous. Undersigned counsel labeled the documents in that folder as "CONFIDENTIAL MATERIALS" pursuant to the DCO ***in this case***, not because she was admitting to producing confidential materials in violation of another DCO. Regardless, undersigned counsel was *permitted* to produce confidential materials in accordance with Judge Schneider's ruling.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

At page 3 of his letter, Mr. Fairbairn references random bate-stamped documents without any indication of what the documents depict, what cases they were *originally* produced in and without identifying which DCO he believes was violated when they were produced. Mr. Fairbairn's allegations are so vague that even undersigned counsel, who has access to the monstrous discovery record in this case, is unable to identify which documents he references.

Just by way of example, Mr. Fairbairn claims that "hundreds of IA files" were produced in violation of some DCO (again we are left to wonder which DCO was allegedly violated). What Mr. Fairbairn fails to tell this Court is that in 2015, Judge Schneider ordered the City to produce *every single* Atlantic City internal affairs file between 2003 through 2014, amounting to approximately 2000 IA files. *See Costantino v. Atlantic City, et al.,* 152 F. Supp. 3d 311 (2015). On June 2, 2020 (and again in his written July 8, 2020 order), Judge Schneider modified the *Costantino* DCO so that undersigned counsel could produce those same IA files to the parties in *this* case. Plaintiff's production of the IA files was entirely appropriate, consistent with Judge Schneider's oral (and subsequent written order) and Judge Hillman's affirmance of those orders. Thus, the City's claim that Plaintiff produced hundreds of IA files in violation of some DCO is a gross misrepresentation. The City bears the burden of demonstrating an intentional violation of a DCO. The City has failed miserably in meeting its burden, apparently hoping that its reckless allegations and disparagement of a member of this bar will suffice as proof.

Mr. Fairbairn makes the grave, albeit wacky, allegation that undersigned has "lied" to this Court. Mr. Fairbairn posits that undersigned counsel's statement in footnote 2 of her responsive letter, namely that she did not need to read the transcripts from the June 2, 2020 hearing to know how Judge Schneider ruled on the DCO issue since she was present and heard the ruling is somehow contradicted by her statement in her July 1, 2020 letter to Judge Schneider in which she wrote: "the transcript reflects the order and Plaintiff acted in good faith by relying on it [the order] when the City took no action whatsoever over the following two weeks to indicate an intent to file a formal motion consistent with the local rules or an intent to seek review of this Court's order." [Dkt. No. 80] There is nothing inconsistent about these statements that would lead any reasonable person to conclude that undersigned counsel has "lied" to this Honorable Court. Again, undersigned counsel relied on Judge Schneider's June 2, 2020 order from the bench when she produced documents identified in her Rule 26(a) disclosures. The transcript from the June 2, 2020 hearing reflected that order on which counsel relied. The transcript was consistent with undersigned counsel's memory of the court's order. Mr. Fairbairn's false accusations are simply bizarre. Falsely accusing a member of the bar of lying to a District Court judge should have consequences.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

In the same vein, Mr. Fairbairn claims that undersigned counsel admitted that she violated the DCO in *Jones*. Not so. Undersigned counsel did not produce confidential materials from the *Jones* litigation. Undersigned counsel's response letter to this Court pointed out that the one document that was produced back to the City that was marked confidential lost its confidential status when it was placed into the public domain. Plaintiff cannot violate a protective order by producing a document that is public. Mr. Fairbairn need only read the DCO to understand that.

The City has not met its burden of establishing that Plaintiff should be sanctioned for anything. Indeed, it is the City's antics that are worthy of sanctions. Mr. Fairbairn's feigned outrage should not save him from the consequences of filing a frivolous motion that makes false accusations against a member of this bar, an act that is worthy of discipline. Undersigned counsel believes that the record is clear, but should this Court wish to hold a hearing on this issue, retired Judge Schneider surely would be able to clarify any ambiguities in the record.

Date: June 5, 2021

Respectfully Submitted,
/s/ JENNIFER BONJEAN

Bonjean Law Group, PLLC
750 Lexington Avenue, 9th Floor
New York, New York 10022
718-875-1850
jennifer@bonjeanlaw.com