# MICHAEL A. ARMSTRONG & ASSOCIATES, LLC

Counselors at Law
79 MAINBRIDGE LANE
WILLINGBORO, NEW JERSEY 08046

TELEPHONE:  (609) 877-5511
FACSIMILE:   (609) 877-7755

MICHAEL A. ARMSTRONG✦
Email: maa@armstronglawfirm.com

CRISTAL M. HOLMES-BOWIE
Email: chb@armstronglawfirm.com

MORRISON KENT FAIRBAIRN+
Email: mkf@armstronglawfirm.com

✦MEMBER NJ, NY & GA BARS

+MEMBER NJ & PA BARS



June 7, 2021

**VIA ELECTRONIC COURT FILING**

Honorable Zahid N. Quraishi, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen and U.S. Courthouse
4th and Cooper Streets, Courtroom 3C
Camden, New Jersey 08101

         RE:   Mohamed Ellaisy v. City of Atlantic City, et al.
               Civil Action No.:  1:13-cv-05401-NLH-ZNQ

Dear Judge Quraishi:

     Please accept this letter brief on behalf of Defendant, City of Atlantic City, in lieu of a more formal brief in opposition to Plaintiff's Motion for Sanctions pursuant to Fed.R.Civ.P. 37(a)(3)(iv) and (b)(2)(A).  The City has responded to the discovery demands at issue. Moreover, it is clear that Plaintiff's Motion was filed as retribution against the City for seeking sanctions for Plaintiff's improper production of confidential discovery from other cases. Consequently, Plaintiff's Motion should be denied as sanctions would not be just and Plaintiff has not suffered prejudice from receiving the discovery responses demanded three business days after they were due.

     A court's discretion in imposing sanctions for failing to make discovery pursuant to an order is limited in that any sanction must be just and specifically related to the issue in the order. Harris v. City of Phila., 47 F.3d 1311, 1330 (3d Cir. 1995).  A basic tenet is "that sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater

punishment than is reasonably necessary to address the specific wrongdoing that confronts the court." Schindler Elevator Corp. v. Otis Elevator Co., 2011 WL 4594225, at *7 (D.N.J. Mar. 24, 2011). Determining the prejudice to the moving party is a critical consideration. Bowers v. Nat'l Collegiate Athletic Ass'n, 564 F. Supp. 2d 322, 335 (D.N.J. 2008).

The instant Motion was filed the Sunday after the Friday that the discovery responses sought was ordered to be produced. The discovery responses were provided to Plaintiff's attorney on May, 26, 2021. See the May 26, 2021 letter and document responses attached as **Exhibit A**. Clearly, no good faith attempt was made to obtain the discovery before filing the instant Motion. Moreover, Plaintiff's Motion did not need to be filed for another six days after Plaintiff filed it in order for it to be returnable on the current return date. Accordingly, it cannot be said that the City's production of the discovery "*necessitated*" the filing of the instant motion as to warrant the payment of Plaintiff's counsel's exorbitant attorney's fees.

Instead, it is far more evident that Plaintiff's Motion is being filed in retaliation for the pending motion for sanctions filed by the City. The motion was filed two days after the deadline on a weekend. Earlier in this case, when Plaintiff did not receive discovery responses from Defendant Borgata Casino and Hotel that were several months overdue by the Court ordered December 31, 2020 deadline, Plaintiff did not file a motion for sanctions despite the Court permitting same in a written order. Discovery sanctions are intended to curb the misconduct of parties. The Court should not entertain Plaintiff's attempt to wield it as a weapon for vengeance.

Plaintiff has not suffered any prejudice from the City producing the discovery on May 26, 2021, instead of May 21, 2021. The only case cited in Plaintiff's brief is Stream Companies, Inc. v. Windward Advert., 2013 WL 3761281 (E.D. Pa. July 17, 2013). There, the court imposed substantial fees and costs after the defendants violated several discovery orders, disregarded

warnings of sanctions from the court, destroyed discovery that was ordered to be produced, and continued to failed to turn over discovery that was ordered by the court. Id. at *1–2. Clearly, the instant matter before the Court does not fall into the same category as the only case cited by Plaintiff. Therefore, it is respectfully requested that Plaintiff's Motion be denied.

      Respectfully submitted,

      *s/ Morrison Kent Fairbairn*

      Morrison Kent Fairbairn, Esquire

Cc:    All counsel of record (via ECF Filing)