

750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

June 9, 2021

**VIA ECF**
The Honorable Judge Zahid N. Quraishi
United States District Court, D.N.J
Mitchell H. Cohen Building
4th and Cooper Streets
Camden, New Jersey 08101

                RE:    *Ellaisy v. Wheaten, et al.,* 13 CV 5401

Dear Judge Quraishi:

      Please accept this letter in lieu of a formal reply brief in support of Plaintiff's motion for sanctions against the City of Atlantic City. The City concedes that it did not comply with this Court's Order to respond to Plaintiff's written discovery requests by May 21, 2021. Incredibly, the City did not even file a letter with this Court or communicate with undersigned counsel to advise that it would not meet the Court's deadline. The City cavalierly ignored this Court's very clear and *final* order. True to form, the City takes the position that Plaintiff's motion for sanctions is simply retaliatory and that the City should suffer no consequences for its insolence because Plaintiff was not prejudiced by the City's refusal to comply with this Court's order.

      Lest there be any confusion, the City's responses to Plaintiff's discovery requests are nearly *5 months* untimely. Plaintiff has unquestionably suffered prejudice as a result of the City's refusal to play by the rules. Indeed, Plaintiff has been attempting to compel the City to comply with the Federal Rules of Civil discovery for months. Just by way of example, Plaintiff noticed the City Defendants' depositions in this case several months ago but was forced to cancel those depositions, because the City refused to produce basic documents necessary to conduct those depositions, including personnel files, training files, and internal affairs files. Undersigned counsel has been forced to draft a multitude of letters, emails, and bring motions to force the City's cooperation. The docket speaks for itself. Moreover, as this Court knows, counsel for the City could offer no reasonable explanation for the City's failure to comply. And *now*, even after this Court gave the City an additional month to respond to the Plaintiff's requests for discovery, the City ignored that Order.[1]

---

[1] Unfortunately, discovery disputes with the City have only just begun as the City's written responses and production are grossly deficient, nor were they certified. This Court need only peruse the City's Answers attached as an exhibit (Dkt No. 120-1) to its responsive letter to observe that the City has lodged frivolous,



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

This Court *must* sanction the City for its brazen disregard of this Court's order that followed months and months of the City's defiant disregard of deadlines. Undersigned counsel's request for sanctions has nothing to do with retaliation and everything to do with moving this ancient case forward to protect her client's right to redress his constitutional injuries.

Sanctions are necessary in this case both as a specific and general deterrent where the City has made it very clear that it has zero regard for the Federal Rules of Procedure and the Orders of this Court. *See, e.g., Roadway Express v. Piper,* 447 U.S. 752, 763-64 (1980); *Stream Cos. v. Windward Adver.,* 2013 U.S. Dist. LEXIS 100319, *24 (E.D.Pa. July 17, 2013); *Wachtel v. Health Net, Inc.,* 239 F.R.D. 81, 84 (D.N.J. 2006) (recognizing that Rule 37 sanctions serve as both a specific deterrent and a general deterrent). Unless and until Atlantic City suffers serious consequences for its noncompliance, the City will continue to waste the parties and the court's time and needlessly drive up the cost of this litigation. The inevitable delay caused by this tactic is prejudicial to the Plaintiff where the passage of time often results in diminished memories and unavailability of witnesses.

Accordingly, this Court should sanction the City as a penalty for its blatant disregard of this Court's order which was not an isolated oversight, but rather followed nearly five months of unjustified delay in responding to Plaintiff's discovery requests. The sanctions should be serious enough to serve as a specific and general deterrent that will allow this case to move forward expeditiously. Minimally, this Court must enter an order finding that the City has waived all objections to Plaintiff's requests for production and order the City to pay reasonable attorney's fees at undersigned counsel's hourly rate.

---

boilerplate, and untimely objections to each request and lazily responded to the requests with references to hundreds of pages that do not fairly answer the requests to produce. In some instances, the City simply responded with a general answer that Plaintiff already has the documents without reference to any production. The City's answers are a mess and Plaintiff will inevitably be forced to bring additional motions to compel on silly disputes that have been previously litigated and resolved in nearly identical cases – a strategy the City routinely uses to delay and drive up the cost of litigation.



750 Lexington Avenue, 9th Floor
New York, New York 10022

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

Respectfully submitted,

/s/ JENNIFER BONJEAN

Bonjean Law Group PLLC
750 Lexington Ave., 9th Floor
New York, NY  10022
718-875-1850
Jennifer@bonjeanlaw.com

Cc:   Morrison Fairbairn, Esq.
      Todd Gelfand, Esq.
      Steven Glickman, Esq.
      Russell Lichtenstein, Esq.