**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

MOHAMED ELLAISY,

               Plaintiff,

     v.

CITY OF ATLANTIC CITY, et al.,

               Defendants.

1:13-cv-05401-NLH-JS

**OPINION**

---

**APPEARANCES**:

JENNIFER ANN BONJEAN
ASHLEY BLAIR COHEN
BONJEAN LAW GROUP, PLLC
750 LEXINGTON AVENUE
9TH FLOOR
NEW YORK, NY 10022

    *On behalf of Plaintiff*

MORRISON KENT FAIRBAIRN
MICHAEL A. ARMSTRONG & ASSOCIATES, LLC
79 MAINBRIDGE LANE
WILLINGBORO, NJ 08046

    *On behalf of Defendant City of Atlantic City*

STEVEN SAMUEL GLICKMAN
RUDERMAN & ROTH, LLC
150 MORRIS AVENUE
SUITE 303
SPRINGFIELD, NJ 07081

    *On behalf of Defendant Officer Sterling Wheaten*

TODD J. GELFAND
BARKER, GELFAND & JAMES
LINWOOD GREENE

```
SUITE 12
210 NEW ROAD
LINWOOD, NJ 08221
```

> *On behalf of Defendants Officer Brian Hambrecht,*
> *Juanita Harris, Matthew Rogers*

```
ALYSON M. TOMLJENOVIC
AMY ELIZABETH RUDLEY
RUSSELL L. LICHTENSTEIN
COOPER, LEVENSON, PA
1125 ATLANTIC AVENUE
THIRD FLOOR
ATLANTIC CITY, NJ 08401-4891
```

> *On behalf of Defendants Borgata Hotel And Casino, Michael*
> *Atkinson, John Applegate*

**<u>HILLMAN</u>, District Judge**

This action arises from an incident that occurred at the Murmur Nightclub in the Borgata Hotel and Casino on September 13, 2011.  Plaintiff, Mohamed Ellaisy, a patron at the nightclub, claims he was a victim of excessive force by Atlantic City police officers who were working special employment details at the Borgata or who were otherwise called to the scene. Plaintiff first filed his original complaint, *pro se*, on September 10, 2013.[1]  On December 1, 2013, Plaintiff, at that

---

[1] Although Plaintiff initiated this action *pro se*, Defendants argue that because Plaintiff has admitted that the original complaint was "ghostwritten" by an attorney, his pleading should not be construed as a *pro se* complaint, and in that regard, not construed liberally as *pro se* complaint should be.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), <u>reh'g denied</u>, 405 U.S. 948 (1972).  Plaintiff's *pro se* status when he filed his original complaint is not relevant to the Court's analysis of Defendants' motion, as set forth below.

time represented by counsel, filed an amended complaint.  As of
March 28, 2014, the matter was stayed for several years during
which time Plaintiff was prosecuted and convicted at the trial
level for indictable offenses, including aggravated assault,
based on what he claims was false and fabricated testimony of
the Atlantic City police officers and other Borgata employees.

On July 16, 2019, the Superior Court of New Jersey,
Appellate Division, reversed Plaintiff's criminal convictions,
finding that his due process rights were violated because
exculpatory evidence regarding Defendant Wheaten's complaint
history was concealed from the defense.  The Appellate Division
further held that because Wheaten gave false testimony at
Plaintiff's criminal trial regarding his internal affairs
history, Plaintiff's criminal conviction should be vacated and
the matter remanded for a new trial.  The Atlantic County
Prosecutor's office subsequently dismissed all charges against
Plaintiff.

Thereafter, Plaintiff sought leave to lift the stay in this
action and amended his complaint again to add parties and
claims.[2]  On January 17, 2020, Plaintiff, through new counsel,
filed a second amended complaint against a number of Atlantic

_____

[2]  This matter had been originally assigned to the Honorable
Judge Jerome B. Simandle, U.S.D.J.  On November 13, 2019, the
matter was reassigned to the undersigned upon the passing of
Judge Simandle.

City police officers, the City of Atlantic City, Borgata Hotel
and Casino, and several Borgata employees.  (Docket No. 46.)  In
addition to the negligence claims against Borgata and the
constitutional claims against the individual police officers
brought pursuant to 42 U.S.C. § 1983, Plaintiff's second amended
complaint alleges that Atlantic City's policies and practices
were the moving force behind the constitutional violations he
suffered.  In February 2020, Defendants filed their answers to
the amended complaint,[3] and the parties commenced written
discovery.

Currently pending is the motion to dismiss filed by two
Atlantic City police officers - Juanita Harris and Matthew
Rogers - who were not specifically named as defendants in the
action until Plaintiff filed his second amended complaint
("SAC") on January 17, 2020.[4]  According to Plaintiff's SAC, at

_____

[3] Defendant Michael Ordonez, averred to be a Borgata employee,
failed to respond to Plaintiff's second amended complaint.
Plaintiff requested a clerk's entry of default, which was
entered on December 7, 2020.

[4] As discussed below, prior counsel for Harris and Rogers filed
an answer on their behalf on February 17, 2020.  These
defendants therefore appropriately bring their motion pursuant
to Fed. R. Civ. P. 12(c), which provides for a judgment on the
pleadings.  See Hackensack Riverkeeper, Inc. v. Delaware Ostego
Corp., 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (explaining that a
defendant may move to dismiss a complaint or parts of a
complaint before or after filing an answer, where a motion made
before an answer is filed is a motion to dismiss pursuant to
Fed. R. Civ. P. 12(b)(6), and a motion made after an answer is
filed is a motion for judgment on the pleadings pursuant to Fed.

the time of the incident giving rise to his claims, Defendants
Sterling Wheaten and Brian Hambrecht, who were Atlantic City
police officers and named in this action since the outset of
this case, were working their regular special employment detail
at Murmur nightclub at the Borgata, which meant that they were
working in Atlantic City police uniforms and were considered on-
duty.  This shift was outside their normal shift and they were
being compensated above and beyond their normal police salaries.

Plaintiff claims that Wheaten and Hambrecht assaulted him -
which the SAC explains in detail - and after they dragged him
into a back room outside the view of the security cameras, they
continued to physically assault him.  Plaintiff claims that
eventually other Atlantic City police officers arrived on scene,
including Harris and Rogers.  Plaintiff claims that while he was
handcuffed, Wheaten punched him in the chest, Harris struck him
in the face, and Rogers dragged him down the hallway by his neck
while choking him.  (Docket No. 46 at 8.)  Some of these actions
were captured on the surveillance video.

In their motion to dismiss, Harris and Rogers argue that
their belated addition to the case by way of Plaintiff's January

R. Civ. P. 12(c), and further explaining that the standard under
which a court must analyze a plaintiff's complaint and the
defendants' arguments on a Rule 12(c) motion for judgment on the
pleadings is the same as the standard on a motion to dismiss
under Fed. R. Civ. P. 12(b)(6)).

17, 2020 SAC is improper because it is well beyond the two year statute of limitations for Plaintiff's constitutional claims arising from conduct on September 13, 2011.  These defendants argue that the fictitious party practice rule and the relation back rule cannot save Plaintiff's claims against them.  In opposition, Plaintiff argues that the addition of Harris and Rogers to this action was proper because their inclusion falls squarely within those rules.[5]  The Court agrees with Plaintiff.

As a primary matter, the fictitious party practice rule and the relation back rule are both methods to add a defendant to a case after the statute of limitations has run, but the rules are distinct in their application.  "Relation-back is a way of justifying the belated addition of a new claim or a new party. Fictitious-party practice renders the initial filing against the identified but unnamed defendant timely in the first instance, subject only to diligent action by the plaintiff to insert defendant's real name."  Greczyn v. Colgate-Palmolive, 869 A.2d 866, 874 (N.J. 2005); see also Viviano v. CBS, Inc., 503 A.2d 296, 304 (N.J. 1986) (explaining the differences between the fictitious party practice rule and the relation back rule, and

---

[5] Plaintiff does not dispute that a two-year statute of limitations governs their claims against Harris and Rogers. Cito v. Bridgewater Tp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) (noting § 1983 actions in New Jersey are governed by New Jersey's two-year statute of limitations); see also infra note 7.

noting that the requirements of the relation back rule "are not an express prerequisite to recourse to" the fictitious party practice rule).

New Jersey Court Rule 4:26-4,[6] which is applicable in federal court, see DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing N.J.S.A. 2A:14-2 and N.J. R. 4:26-4),[7] permits a plaintiff to amend his complaint to

_____

[6] The Rule provides, in relevant part,

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.  Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained. . . .

N.J. Ct. R. 4:26-4.

[7] See also Bryan v. Associated Container Transp. (A.C.T.), 837 F. Supp. 633, 642-43 (D.N.J. 1993) (discussing Fed. R. Civ. P. 15(c)(1) and the advisory notes) ("Generally, the applicable limitations law will be state law . . . . Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.  Thus, as a general matter, if New Jersey law would permit the amendment made by plaintiffs after the running of the statute, the federal rules permit the amendment."); Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) ("[I]n actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury."); Cito v. Bridgewater Tp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989) ("In New Jersey that statute is N.J.S.A. 2A:14-2, which provides

identify the proper party as long as a John Doe fictitious designation was included for that specific category of defendant.  See Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 489 (D.N.J. 2002) (citing Mancuso v. Neckles, 747 A.2d 255, 261 n.1 (N.J. 2000) and discussing N.J. Ct. R. 4:26-4) ("[T]he fictitious party rule permits a plaintiff to preserve a claim against as yet unidentified potential defendants who may have contributed to plaintiff's injuries.").

There are three main elements to the proper application of the fictitious party rule.  First, the fictitious name designation must have "an appropriate description sufficient to identify" the defendant.  N.J. Rule 4:26-4; Viviano, A.2d at 304.  Second, the plaintiff must have exercised due diligence to ascertain the defendant's true name before and after filing the complaint.  DeRienzo, 357 F.3d at 353 (citing Farrell v. Votator Div. of Chemetron Corp., 299 A.2d 394, 396 (N.J. 1973); Claypotch v. Heller, Inc., 823 A.2d 844, 848-49 (N.J. 2003); Mears v. Sandoz Pharms., Inc., 693 A.2d 558, 561-63 (N.J. 1997)).  Third, the application of the fictitious party practice rule must not prejudice the defendant.  Id.

_____

that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action.").

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings, and subsection (c) provides for three circumstances in which "[a]n amendment to a pleading relates back to the date of the original pleading."  Fed. R. Civ. P. 15(c)(1).  The effect of this doctrine is to preclude an amended pleading from being barred by the statute of limitations.  It is relevant when a pleading that was filed prior to the expiration of the statute of limitations is amended after the expiration of the statute of limitations.  If Rule 15(c) is satisfied in a case, then the amended pleading will relate back to the original pleading for statute of limitations purposes — in other words, a party opposing the amended pleading will not be able to successfully argue that it is barred by the statute of limitations.  <u>Sterling v. New Jersey Aquarium, LLC</u>, 2020 WL 1074809, at *4-5 (D.N.J. 2020).

Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

9

> (i) received such notice of the action that it
> will not be prejudiced in defending on the
> merits; and
>
> (ii) knew or should have known that the action
> would have been brought against it, but for a
> mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In this case, the original complaint filed within the
applicable statute of limitations on September 10, 2013 did not
name Harris or Rogers - it only named Atlantic City, Wheaten,
Hambrecht, and Borgata.[8]  The original complaint contained a
category for fictitious parties, but it was limited to Borgata
employees:

> 12. Defendants John Doe 1-5 are defendant Borgata employees
> present, participating in and assisting the aforementioned
> individual named defendants in the violation of plaintiff's
> Constitutional rights but are currently unknown to
> plaintiff.

(Docket No. 1 at 3.)

On December 1, 2013, less than three months later but after
the expiration of the statute of limitations, Plaintiff filed an
amended complaint.  The amended complaint listed the same
defendants as the original complaint, but it modified the
description of the fictitious parties:

> 12. Defendants John Doe 1-5 are members of the Atlantic
> City Police Department present, participating in and
> assisting the aforementioned individual named defendants in
> the violation of plaintiff's Constitutional rights but are

---

[8] Borgata is listed in the caption and referred to in the
complaint, but Borgata is not specifically listed on the
"parties" section of the original complaint.  (Docket No. 1.)

currently unknown to plaintiff as well as employees of the
City of Atlantic City which participated in the practices
and policies as outlined throughout this Complaint.

13. Defendants Jon Doe 6-10 are employees of defendant
Borgata Hotel and Casino as yet unknown to the plaintiff
which discovery may reveal should be named parties in the
present complaint either as a result of their relationship
to defendant Borgata or the City of Atlantic City.

(Docket No. 6 at 4.)

In a straightforward application of Rule 15(c)(1)(B),
Plaintiff's amended complaint relates back to the original
complaint because "the amendment asserts a claim or defense that
arose out of the conduct, transaction, or occurrence set out—or
attempted to be set out—in the original pleading."  Thus, the
amended complaint, which became the operative complaint once it
was filed,[9] "relates back" to the original complaint - i.e., the
amended complaint is deemed to have been filed at the time the
original complaint was filed, which was before the expiration of
the statute of limitations.  Consequently, Plaintiff's claims
against "John Doe 1-5" who "are members of the Atlantic City
Police Department present, participating in and assisting the
aforementioned individual named defendants in the violation of
plaintiff's Constitutional rights" were timely filed.

---

[9] See Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d
Cir. 2002) (providing that the amended complaint supersedes the
original version in providing the blueprint for the future
course of a lawsuit).

Plaintiff's SAC filed on January 17, 2020 also relates back to the amended complaint, which relates back to the original complaint, in accordance with Rule 15(c)(1)(B).  Thus, Plaintiff's SAC is within the statute of limitations, and the substitution of Harris and Rogers for the "John Does" in the SAC implicates the fictitious party practice rule.[10]  The Court finds that the three elements for the application of that rule have been met.

---

[10] If the amended complaint did not contain claims against fictitious parties, the Court would be required to undertake the Rule 15(c)(1)(C) analysis.  In the context of the situation presented in this case, the outcome would be the same under Rule 15(c)(1)(C) because the analysis under both rules is analogous. See Sterling, 2020 WL 1074809, at *4-5 (citing Fed. R. Civ. P. 15(c)(1)(C); Fed. R. Civ. P. 4(m); Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 194 (3d Cir. 2001)) (explaining the factors to consider in applying Rule 15(c)(1)(C) where a new party is added by way of an amended complaint:

> (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading;
>
> (2) the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits;
>
> (3) the party to be brought in by amendment knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and
>
> (4) the third and fourth requirements must have been fulfilled within 90 days after the original complaint was filed, or longer if good cause is shown.).

1.   *Whether the fictitious name designation has an appropriate description sufficient to identify Harris and Rogers*

Plaintiff's fictitious name designation of "members of the Atlantic City Police Department present, participating in and assisting the aforementioned individual named defendants in the violation of plaintiff's Constitutional rights" clearly encompasses Harris and Rogers.

2.   *Whether Plaintiff exercised due diligence to ascertain the names of Harris and Rogers before and after filing the complaint*

Plaintiff's amended complaint, which as noted was filed by counsel shortly after Plaintiff filed his original complaint *pro se*, shows that Plaintiff was aware of other Atlantic City officers who were involved in the incident, although he did not know their identities.  Plaintiff included the John Doe 1-5 designation for members of the Atlantic City Police Department; he specifically stated that "an additional unknown female officer from the Atlantic City Police Department approached the Plaintiff and did, unprovoked, punch the plaintiff in the throat"; he specifically stated that an "unknown member of the Atlantic City police department and defendant Wheaten punched him in the head, neck, and chest while restrained and being escorted out of the hallway and was subjected to various chokeholds"; and he expressly stated that Defendants Wheaten, Hambrecht and those unknown John Doe 1-5 Atlantic City police

13

officers violated his constitutional rights under the Fourth,
Eighth and Fourteenth Amendment.  (Docket No. 6 at ¶¶ 3, 12, 26,
34.)

The diligence prong of the fictitious party practice rule
begins before a complaint is filed and continues thereafter.
DeRienzo, 357 F.3d 348, 353.  Thus, the diligence inquiry
applies to Plaintiff's former counsel, who filed the amended
complaint containing the fictitious party designation
encompassing Atlantic City police officers.  That counsel,
however, has not been in the case since the matter was stayed in
March 2014, and the issue of the unidentified officers and
Plaintiff's counsel's efforts to identify those officers was
never raised prior to the stay.  Indeed, no discovery or
substantive motion practice occurred prior the stay which
occurred just four months after the filing of the amended
complaint.[11]

In Harris and Rogers' instant motion to dismiss, which was
filed on February 9, 2021, a year after Harris and Rogers filed
their answer to Plaintiff's SAC on February 17, 2020, they have
not articulated how due diligence by Plaintiff's former counsel

_____

[11]  The only motions filed were Defendants' motion to dismiss
Plaintiff's original complaint, which was dismissed as moot by
the filing of Plaintiff's amended complaint (Docket No. 9), and
Plaintiff's motion to stay the proceedings pending the
completion of the criminal matter, which was consented to by
Defendants (Docket No. 15).

would have revealed their identities before or after Plaintiff
filed suit during the few months after the amended complaint was
filed and the matter was stayed in March 2014 because of the
ultimately unsuccessful prosecution of Plaintiff.  Although the
applicability of the fictitious party practice rule is
Plaintiff's obligation to establish,[12] it is Defendants' burden
to prove their affirmative defense that Plaintiff's claims are
barred by the statute of limitations.[13]  In the absence of
evidence by Harris and Rogers demonstrating that their
identities would have been revealed if Plaintiff's former
counsel had taken reasonable efforts prior to the stay of the
case in March 2014, the Court cannot find that Plaintiff's
former counsel did not exercise due diligence.[14]

---

[12] See Dziubek v. Cedar Glen Lakes, Inc., 2016 WL 3909536, at *4
(N.J. Super. App. Div. 2016) (citing Lopez v. Swyer, 62 N.J.
267, 276, 300 A.2d 563 (1973)) (explaining that a party seeking
to invoke the fictitious party practice bears the burden of
demonstrating compliance with the rule) (other citation
omitted).

[13] See Graves v. Lanigan, 2016 WL 1242766, at *6 (D.N.J. 2016)
(citing In re Cmty. Bank of N. Virginia, 622 F.3d 275, 292 (3d
Cir. 2010), as amended (Oct. 20, 2010) (quoting Bradford-White
Corp. v. Ernst & Whinney, 872 F.2d 1153, 1161 (3d Cir. 1989))
(explaining that the statute of limitations is an affirmative
defense, and the burden to show entitlement to the defense falls
on defendants).

[14] See, e.g., Capital Inv. Funding, LLC v. Lancaster Resources,
Inc., 2015 WL 892750, at *12-13 (D.N.J. 20150) ("With regard to
Plaintiff's 'diligence,' the Court notes that this matter was
subject to a mandatory stay in connection with Defendant Robert
L'Abbate's bankruptcy proceedings between March 18, 2009 and

Current counsel's diligence is clearly evidenced by their swift actions following their appearance in the case.  On July 16, 2019, the Superior Court of New Jersey, Appellate Division reversed Plaintiff's criminal convictions.  Plaintiff's current counsel entered their appearance on September 25, 2019, the magistrate judge lifted the stay and granted their request to file a SAC in mid-November 2019, and the SAC identifying Harris and Rogers was filed less than two months later.  During that period between September 25, 2019 and January 17, 2020, it is clear from Plaintiff's SAC that counsel obtained: video footage from the incident and discovered that Defendants may have tampered with or destroyed portions of the video footage; police reports; internal affairs files; use of force reports; and documentation and evidence from Plaintiff's prosecution.  From these efforts, counsel was able to identify the previously unknown John Doe police officers.  The Court finds that the diligence element of the fictitious party practice rule has been met.[15]

---

April 23, 2014.  Indeed, the Court stayed this case less than six months after it was first filed, and before the parties had conducted any discovery.  Plaintiff first sought to add Mr. Lorenzo as a Defendant approximately four months after the Court restored this case to the active calendar.  Given the unique circumstances of this case, the Court finds that Plaintiff exercised the due diligence required to utilize the fictitious party with regard to Mr. Lorenzo.").

>    3.   *Whether the application of the fictitious party*
>         *practice rule would prejudice Harris and Rogers*

Harris and Rogers will not be prejudiced by their inclusion in this case.  First, as of November 2013, Harris and Rogers knew that their encounter with Plaintiff gave rise to an excessive force lawsuit because of their involvement in the internal affairs investigation that Atlantic City initiated on November 4, 2013, a few weeks after it was served with Plaintiff's complaint.  According to the internal affairs file, the internal affairs investigator obtained the use of force reports and narrative reports prepared by Harris and Rogers for

---

[15] "The New Jersey Supreme Court has instructed that [the district] court should broadly interpret the diligence requirement to one of a 'good faith' effort by plaintiff to determine the fictitious party's identity." Prystowsky v. TGC Stores, Inc., 2011 WL 3516174, *4 (D.N.J. 2011) (citing Farrell, 299 A.2d at 396) (other citation omitted).  Sufficient diligence is determined on a case-by-case basis.  Carroll v. Setcon Industries, Inc., 2012 WL 3229159, 5-6  (D.N.J. 2012) (citing DeRienzo, 357 F.3d at 354 (finding sufficient diligence even though plaintiff was "thwarted in his investigation by misinformation from government witnesses"); Prystowsky, 2011 WL 3516174, at *4 (determining that sending subpoenas, investigating potential defendants, and taking depositions constituted diligence despite ensuing delays); Matynska v. Fried, 175 N.J. 51 (N.J. 2002) (reasoning that plaintiff's failure to ascertain defendant's name from plaintiff's own hospital records constituted a lack of diligence); Mears, 693 A.2d at 631-32 (finding lack of sufficient diligence where "a simple inquiry at the job site" would have revealed defendant's name)).  The fictitious party practice rule "does not require exhaustion of every possible avenue of discovery" before a plaintiff can be found to have exercised due diligence in ascertaining the true identity of a defendant.  Davis v. Egbert, 2010 WL 99113, 4 (D.N.J. 2010) (citing DeRienzo, 357 F.3d at 356).

the purpose of preparing a "Complaint Brief" summarizing the case, which was forwarded to the Chief of Police and the City Solicitor on November 18, 2013.  A review of reports shows that both Defendants Harris and Rogers responded to the scene and that Harris was the only female on scene.[16]

Second, when Plaintiff filed his SAC specifically naming Harris and Rogers as defendants on January 17, 2020, Harris and Rogers' prior counsel filed an answer to Plaintiff's SAC on behalf of Harris and Rogers on February 17, 2020.[17]  (Docket No. 57.[18])  Harris and Rogers' prior counsel had appeared in the case since its inception in September 2013 as counsel for Atlantic City, Wheaten, and Hambrecht, and this counsel had filed an answer to Plaintiff's amended complaint on behalf of those

---

[16] Even though Harris and Rogers knew of their involvement in the incident with Plaintiff, and they participated in the internal affairs investigation of the incident initiated because of Plaintiff's lawsuit, as discussed above with regard to the due diligence prong, Harris and Rogers have not shown that prior to March 2014 when the case was stayed publicly available documents would have revealed their identities and their involvement in the incident.

[17] The answer preserved the running of the statute of limitations as an affirmative defense.  (Docket No. 57 at 12.)  Current counsel for Harris and Rogers appeared in the action on November 5, 2020, but they not file their motion to dismiss until February 9, 2021.

[18] The docket annotation provides, "ANSWER to Amended Complaint, CROSSCLAIM against BORGATA HOTEL AND CASINO, COUNTERCLAIM against MOHAMED ELLAISY by All Defendants. (RILEY, TRACY)." This is incorrect.  The answer filed by Tracy Riley is on behalf of Wheaten, Hambrecht, Harris and Rogers.

defendants on January 9, 2014.  (Docket No. 14.)  Presumably, in preparation to file the answer on behalf of Atlantic City, Wheaten, and Hambrecht, counsel was made aware of Harris' and Rogers' involvement in the incident.  Thus, it would be hard to believe that Harris and Rogers were not made aware of Plaintiff's amended complaint, which not only named Atlantic City, Wheaten, and Hambrecht, but also "John Doe" police officers, including a female officer, who were also involved in the assault on September 13, 2011.  At a minimum, as of November 2013, it is reasonable to conclude that Harris and Rogers (1) knew they were involved in the incident that was the subject of a lawsuit, and (2) were aware of the possibility that claims might be asserted against them because of their involvement.  Nothing has been submitted to the Court to suggest otherwise.

Third, as Plaintiff points out, it has been 10 years since the incident, and 8 years since the original complaint was filed, but all the defendants "are in the same boat" with regard to developing their defenses, as the delay has the same impact on all the defendants.  Despite the case's age, discovery is still relatively in its infancy.[19]

---

[19] See, e.g., Capital Inv. Funding, LLC, 2015 WL 892750, at *12-13, supra note 14 (where the case was stayed from March 18, 2009 through April 23, 2014, and the court considered the three prongs of the fictitious party practice rule after the stay was lifted, finding "nothing in the record suggests that Mr. Lorenzo would suffer any legitimate prejudice if he were to be added as

A newly named party suffers some prejudice by being exposed to potential liability, but "the New Jersey courts focus on the loss of evidence/witnesses and impairment of the ability to defend." Williams v. Hurlings, 2011 WL 3890976, *5 (D.N.J. 2011). Factors considered in determining whether a defendant is prejudiced by the delay in filing the amendment include "destruction or alteration of evidence after the initial discovery process, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay." DeRienzo, 357 F.3d 348, 356. Harris and Rogers have not presented any substantive argument as to why they would be prejudiced as to their ability to establish a defense if they were to remain in the case. Moreover, the over four years' worth of delay was due to several of the defendants' unclean hands surrounding Plaintiff's prosecution, and not because of any delay by Plaintiff.

Finally, "even though a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run, absent evidence that the lapse of time has resulted in a loss of evidence, impairment of ability to defend, or advantage to

---

a defendant at this stage of the litigation (and Mr. Lorenzo has made no effort to identify any such prejudice). Indeed, despite its age, this case remains in its relative infancy, and has not yet advanced beyond the pleading stage.").

plaintiffs, justice impels strongly towards affording the plaintiffs their day in court on the merits of their claim." Claypotch, 823 A.2d at 850 (citations and quotation omitted). Here, justice favors Plaintiff's ability to pursue the merits of his claims against all of the individual Atlantic City police officers who allegedly assaulted him at the Borgata on September 13, 2011.

**CONCLUSION**

For the reasons expressed above, Plaintiff's amended complaint and second amended complaint relate back to Plaintiff's original complaint, which was filed within the applicable two-year statute of limitations, thus causing each subsequent amended complaint to have been timely filed. Plaintiff's substitution of Juanita Harris and Matthew Rogers for the John Doe defendants in the second amended complaint was proper.  The motion of Juanita Harris and Matthew Rogers to dismiss Plaintiff's claims will be denied.

An appropriate Order will be entered.


Date: September 30, 2021          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.